STOLTZ REALTY CO., a Delaware corporation, Plaintiff Below, Appellant,

v.

Benjamin RAPHAEL and Helen Raphael, his wife, Defendants Below, Appellees.

v.

ALDEN BUGHER ASSOCIATES, INC., a Delaware corporation, Third-Party Defendants Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 28, 1983.

Decided: March 11, 1983.

Samuel J. Frabizzio, Agostini & Frabizzio, Wilmington, for appellant.

Edward J. Sobolewski, Jr., Wilmington, for Benjamin and Helen Raphael, appellees.

Richard S. McCann, Wilmington, for Alden Bugher Associates, Inc., appellee.

Before McNEILLY, HORSEY and MOORE, JJ.

MOORE, Justice:

This is an action to recover a real estate broker's fee allegedly owed the plaintiff, Stoltz Realty Co., by Benjamin and Helen Raphael due to the sale of certain commercial real estate owned by the Raphaels in Newark, Delaware. The Superior Court granted the Raphaels' motion for summary judgment on the ground that Stoltz had previously arbitrated the issue with another real estate broker, the third-party defendant Alden Bugher Associates, Inc. Stoltz appeals from that decision and order of the

Superior Court. Since Bugher had agreed to indemnify the Raphaels against any claim by Stoltz, and in light of the arbitration award in favor of Bugher, the Superior Court in a well reasoned, but unreported, decision held that any claim against the Raphaels was barred. We agree and affirm.

## I.

The material facts are not in dispute. On June 25, 1979 the Raphaels entered into a three-month exclusive listing agreement with Stoltz regarding sale of the Raphaels' commercial property at 132 East Main Street, Newark, Delaware. It provided that a sales commission equal to 10% of the gross consideration would be paid to the broker in the event of a sale. It also provided that if a sale was consummated within 80 days after expiration of the three-month listing period to anyone with whom the parties had been negotiating during the term of the contract, Stoltz was still entitled to the stipulated commission.

During the pendency of the agreement, Ernest Dannemann had inspected the property as a potential buyer. On July 9, 1979, he submitted an offer for the property, but it was rejected by the Raphaels. Dannemann in turn rejected a counter-offer from the Raphaels. At that time Mr. Dannemann had been negotiating for the property primarily through Stoltz, but he also had the assistance of another real estate broker, Alden Bugher Associates, Inc., the third-party defendant.

After the expiration of the three-month period, but within the 80-day buffer period, Mr. Dannemann and another buyer submitted a second offer for the property. This time the buyers dealt solely through Bugher and specifically agreed to pay a broker's sales commission to Bugher. The offer was accepted, settlement was held, and Bugher received a commission of $12,-277.50. Bugher also agreed to indemnify the Raphaels in the event that they were required to pay a commission to Stoltz.

Stoltz first pursued a claim against the Raphaels for a commission, since the sale took place within the 80-day period covered by the listing agreement. Then Stoltz learned of the indemnification agreement between the Raphaels and Bugher. Believing that the Raphaels would be able to pass on the cost of any judgment to Bugher, Stoltz suggested to Bugher that they arbitrate the issue of Stoltz's entitlement to any portion of the commission paid Bugher. Although Bugher did not favor this procedure, eventually arbitration occurred between the two brokers under the auspices of the New Castle County Board of Realtors and its regulations. Each broker agreed to abide absolutely by the arbitrator's decision. On August 12, 1980, the Board issued an award in favor of Bugher for the full amount of the commission. Stoltz did not appeal that decision.

Thereafter Stoltz sued the Raphaels, claiming a breach of their agency contract. The Raphaels in turn joined Bugher as a third-party defendant under their indemnification agreement.

## II.

Bugher contends that it is the real defendant in interest since it must pay any judgment in favor of Stoltz against the Raphaels. In reality Bugher represents the Raphaels in this proceeding and moved for summary judgment on behalf of both the Raphaels and itself. Bugher's motion was based on the arbitration decision and res judicata.

Stoltz argues that it had a contract with the Raphaels for a sales commission and that whatever occurred between it and Bugher can not affect Stoltz's rights under its contract with the Raphaels.

## III.

It is clear that to the extent the ultimate effect of Stoltz's complaint is to allege an action against Bugher, any such claim is barred by the arbitration award. That decision, which the parties agreed would be a final disposition of their claims, must be

recognized as such by the courts of this State. *Pettinaro Construction Co., Inc. v. Harry C. Partridge, Jr. & Sons, Inc.,* Del. Ch., 408 A.2d 957 (1979). The fact that Stoltz's complaint in the Superior Court did not name Bugher as a party defendant is to be taken as a tacit admission of this conclusion. Thus, there are issues of estoppel, election of remedies and res judicata—none of which are mutually exclusive—at work here.

Irrespective of the form of the present action, the party actually at risk is Bugher. Clearly, principles of fairness and estoppel dictate that Bugher, who reluctantly arbitrated the dispute with Stoltz at the latter's urging, should not twice be required to litigate and be subject to the same potential liability. *See Timmons v. Campbell,* Del. Ch., 111 A.2d 220, 224–25 (1955). This equitable principle has also been held applicable to cases arising in the Superior Court. *Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972).

Having elected the remedy of arbitration against Bugher and agreed to be bound by the outcome, Stoltz cannot proceed with vexatious litigation that will work not only a disadvantage, but constitute a real injury to Bugher. *Hannigan v. Italo-Petroleum Corp. of America,* Del.Super., 181 A. 4, 5 (1935). The doctrine of election of remedies is based on "any decisive act of a party, with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other". 28 C.J.S. *Election of Remedies* § 11, at 1077 (1941). As here, the prosecution of one remedial right to judgment or decree, whether for or against the plaintiff, is a "decisive act which constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights". *Id.* § 14, at 1087.

As to Stoltz's action against the Raphaels, there can be no question but that a broker may waive any rights which it has under a contract. *See generally G.M.S. Realty Corp. v. Girard Fire & Marine Insurance Co.,* Del.Super., 89 A.2d 857 (1952); 17 Am.Jur.2d *Contracts* §§ 392–93, at 838 (1964). Here, of course, Stoltz could have originally sued the Raphaels for the commission had it chosen to do so. However, Stoltz chose otherwise upon the theory that such a suit would entangle it in a dispute with a fellow broker because of the indemnification contract. Stoltz then initiated the arbitration process, which Bugher resisted, claiming that Stoltz was entitled to at least a part of the commission paid by the purchasers of the property. The arbitrator found for Bugher.

Stoltz can not now come into court seeking a commission on account of the original brokerage contract—a commission which in fact has already been awarded to another broker. Stoltz voluntarily waived its right to pursue the Raphaels and can not now revive it, having lost the claim at arbitration. Thus, Stoltz's rights under the contract with the Raphaels have been extinguished, and the Superior Court's conclusions were obviously correct.

\* \* \*

AFFIRMED.