**Terry BROOKMAN,
Employee/Respondent,**

v.

**HENRY TRANSPORTATION,
Employer/Appellant,**

and

***Advantage Financial Group, Inc.,*
Employer/Appellant.**

No. 68837.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 28, 1996.

Terrance L. Farris, L. Joseph Garr, Clayton, for appellants.

Robert H. Sihnhold, Lawrence Joseph Fleming, St. Louis, for respondent.

RHODES RUSSELL, Judge.

Henry Transportation and Advantage Financial Group ("Advantage") appeal from a Labor and Industrial Relations Commission's award in favor of Terry Brookman ("Employee"). We affirm.

In June 1991 Employee was hired to repair truck trailers for Henry Transportation in St. Louis County. Henry Transportation, a corporation solely owned by Herbert W. Henry, had entered into an agreement to "lease" employees from Advantage. As a result of this agreement all employees of Henry Transportation, including the owner, were paid by Advantage. Employee testified that he was never informed that Advantage was his employer, although he was aware that Advantage issued his paycheck.

On July 31, 1991, Employee, while performing work for Henry Transportation, was injured when the ladder he was standing on fell from under him. Employee immediately informed his supervisor that his leg, shoulder, and arm were hurt, but he did not receive medical attention that day and continued to work. The next day Henry Transportation sent Employee to the St. Louis Industrial Clinic, who in turn sent him to Dr. John Arnot, an orthopedist. Employee was treated by Dr. Arnot five or six times. Dr. Arnot advised Employee that he was capable of returning to light duty on September 6, 1991. That advice was reiterated on September 27, 1991 and October 2, 1991. Employee did return to do some light work for Henry Transportation in October 1991, mostly sweeping floors. On October 23, 1991, Employee was referred to Dr. Weise, another orthopedist. Dr. Weise concluded that Employee was able to return to work without restrictions, but did recommend that he have another MRI taken and that he come back for further evaluation. Employee, however, disagreed and did not return to either full or light duty with Henry Transportation.[1]

1. There was conflicting evidence concerning whether light duty work would continue to be available.

Thereafter, no further medical treatment was provided. After his employment relationship with Henry Transportation ended, Employee took on some independent remodelling and construction work and briefly worked as a telemarketer.

On October 31, 1991, Employee filed a claim for compensation against Henry Transportation. Employee later filed a combined claim against both Henry Transportation and Advantage. The hearing on the temporary award was held on October 23, 1992. The administrative law judge found that Employee was injured in an accident arising out of and in the course of his employment with Henry Transportation. Employee was awarded temporary total disability benefits from July 31, 1991 to October 23, 1992, less the two weeks in October 1991 when he had worked light duty for Henry Transportation and the four weeks he performed remodelling services. The total amount of the award was $12,522.80 for temporary total disability ("TTD") and $8,085.60 for medical expenses. The TTD award was appealed to the Labor and Industrial Relations Commission which affirmed the temporary award and determined that Advantage was also an employer of Employee.[2]

On December 9, 1994, the ALJ issued a final award. The ALJ found a 30% permanent partial disability ("PPD") of the right shoulder, a 30% PPD of the left knee, and a 10% PPD for the body as a whole related to the lower back. Employee was awarded $205.36 per week for 173.36 weeks for a total of $35,601.21. The ALJ also doubled the unpaid temporary award previously issued to $35,777.24, pursuant to § 287.510 RSMo 1994. The total award entered against Employers was $71,378.45. The ALJ found that

the Second Injury Fund was liable for $9,064.55 (31.26 weeks at the rate of $205.36 plus $2,645.00 for medical expenses). The Labor and Industrial Relations Commission ("Commission") affirmed the ALJ's decision as to Employer's liability on July 11, 1995.[3] This appeal by Employers now follows.

In their first point on appeal, Employers argue that the Commission lacked authority to enter an award since Employee had elected to file a suit for personal injuries in the Circuit Court of St. Louis County. When an employee is injured in the course of his employment and the employer lacks workers' compensation insurance, the employee is entitled to pursue either an action under the workers' compensation laws or an action for personal injuries in the circuit court. § 287.280 RSMo 1994. It is only after an employee receives something of value on a claim or pursues an action to final judgment that the employee is then precluded from pursuing the other inconsistent remedy. *Brookman v. Henry Transportation*, 886 S.W.2d 213, 215 (Mo.App.1994).[4]

In the present case both employers lacked workers' compensation insurance, therefore giving Employee the option to pursue either remedy. Employers now argue that Employee has already elected his circuit court remedy, preventing him from pursuing a workers' compensation claim. Employers do not, however, allege that there has been a final judgment in the civil case or that Employee has received something of value, nor does the record reveal a final judgment or award. Therefore, there has not yet been a binding election of remedies. The Commission had authority to enter a disability award. Point denied.

---

**2.** Henry Transportation and Advantage Financial will hereafter be referred to collectively as "Employers."

**3.** The Commission reversed the ALJ's award of permanent partial disability against the Second Injury Fund and affirmed the award with respect to medical expenses. This appeal raises no issues between the employee and the Second Injury Fund.

**4.** The same parties came before us previously when Employee filed a worker's compensation

claim and a claim in the Circuit Court of St. Louis County. In the circuit court claim, Employers argued that Employee had already elected the worker's compensation remedy and therefore was precluded from pursuing the civil case. The trial court granted summary judgment in favor of Employers, but this court found that there were genuine issues of material fact over whether Employee had yet received anything of value from the worker's compensation remedy and remanded the case.

In the second point on appeal, Employers argue that the Commission erred in awarding Employee TTD benefits between July 31, 1991, and October 23, 1992. Specifically, they contend that there was no substantial evidence indicating that Employee was temporarily totally disabled during the period. TTD benefits are intended to cover healing periods and are unwarranted beyond the point at which the employee is capable of returning to work. *Phelps v. Jeff Wolk Const. Co.*, 803 S.W.2d 641, 645 (Mo.App. 1991). Temporary awards are not intended to compensate the Employee after the condition has reached the point where further progress is not expected. *Williams v. Pillsbury Co.* 694 S.W.2d 488, 489 (Mo.App.1985). The pivotal question in determining whether an employee is totally disabled is whether any employer, in the usual course of business, would reasonably be expected to employ the claimant in his present physical condition. *Thornton v. Haas Bakery*, 858 S.W.2d 831, 834 (Mo.App.1993).

Our review of the Commission's decision is limited to questions of law. § 287.495.1 RSMo 1994. We may reverse the Commission's findings only upon finding:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

*Johnson v. Evans & Dixon*, 861 S.W.2d 633, 635 (Mo.App.1993). In reviewing the record, we examine the evidence in the light most favorable to the finding, disregarding evidence which might support findings different than those found by the Commission. *Bergmeyer v. Queen's Supermarkets*, 878 S.W.2d 60, 61 (Mo.App.1994).

Employers argue that the TTD award entered in favor of Employee was against the overwhelming weight of the evidence and that there was no competent medical testimony to support such a finding. Employers point out that Dr. Arnot cleared Employee to return to "light duty" as early as September

7, 1991, and that Dr. Weise released Employee for full duty on October 23, 1991. Furthermore, they contend Employee's remodelling work during the disability period is evidence that he was not totally disabled. Finally, Employers contend that the Commission failed to take into account the approximately three weeks in which Employee worked as a telemarketer.

Given our standard of review, we find that there was competent evidence supporting the award of TTD benefits. Dr. Arnot, the treating orthopedist following the accident, examined Employee five or six times. While Dr. Arnot did clear Employee to return to "light duty" work, he never cleared Employee to resume his prior work activities. In a letter dated November 1, 1991, Dr. Arnot stated, "I do not feel he is capable of doing his normal job of trailer repair." The records and reports of Dr. Weise and Dr. Arnot also support a finding that additional medical treatment would have helped Employee's condition. Both doctors felt Employee should return for further evaluation. Another doctor who examined Employee, Dr. Shreim, also found that Employee was in need of further medical treatment. Additional medical treatment, however, was not provided by Employers.

The fact that Employee performed some work during the period of his temporary disability is not controlling on whether Employee was temporarily totally disabled. "Total disability" does not require that an employee be completely inactive or inert. *Reiner v. Treasurer of the State of Missouri*, 837 S.W.2d 363, 367 (Mo.App.1992). While Employee did take on several remodelling jobs, the testimony establishes that he was forced to subcontract out or hire others to perform much of the work he otherwise would have performed himself. The ALJ found that Employee should not have been performing such work from a medical standpoint, but that economic necessities so required. During this period Employee was receiving no benefits or other income from Employers. Despite Employee's limited employment following the accident, there was competent evidence establishing that he was unable to compete in the open job market

and that, with proper medical care, his condition was one for which progress could be expected. The ALJ reduced the period of disability payments by the four weeks in which Employee clearly performed remodelling work and the two weeks in which he performed light duty work for Henry Transportation. While the ALJ did not specifically address the right to receive TTD benefits during the three weeks in which Employee claims to have worked as a telemarketer, the Commission was in a better position to address that issue than we are. If the competent evidence is conflicting, the choice lies with the Commission and its findings will not be disturbed unless it acted unreasonably in accepting evidence which is not substantial and decided the issue contrary to the overwhelming weight of the evidence. *Brown v. Treasurer of Missouri,* 795 S.W.2d 479, 481 (Mo.App.1990). The Commission's award herein was not against the overwhelming weight of the evidence. Point denied.

■ In the third point on appeal, Employers argue that the Commission erred in failing to consider exhibits which allegedly established that Dr. Shreim had been convicted of a crime and had fled the jurisdiction. Employers attempted to introduce the exhibits during the August 10, 1994, hearing. Employers argued that Dr. Shreim's deposition testimony was the basis, at least in part, of the TTD award, and that the credibility of Dr. Shreim's conclusions were now in doubt. The ALJ accepted Employee's arguments for excluding the exhibits. These arguments included that: 1) Dr. Shreim had already been cross-examined by the employers; 2) Dr. Shreim's conviction did not involve this case; 3) the TTD award had already been reviewed by the Commission; 4) Dr. Shreim's deposition was not the only medical testimony supporting the award; 5) the issue of the temporary award was not then before the ALJ; and 6) Dr. Shreim's conviction could have been raised before the Commission on the appeal of the temporary award. The Commission affirmed the findings of the ALJ without commenting on the exclusion of the exhibits. Employers cite to no authority to support their argument that the exclusion of the exhibits was error. Furthermore, there was sufficient evidence to support the award without relying on the use of Dr. Shreim's report. We find no error in the decision to exclude the exhibits. Point denied.

■ In the final point on appeal, Employers argue that the Commission erred in awarding a 30% PPD of the right shoulder, a 30% PPD of the left knee, and a 10% PPD to the body as a whole. Employers argue that there was no medical testimony to support such an award and that the award was against the overwhelming weight of the evidence. We disagree.

■ The Commission's award was within the range of disability found by the medical doctors. Dr. Arnot evaluated Employee and found a 5% PPD of the right shoulder, a 10% PPD of the left knee, and a 5% PPD of the body as a whole at the sternoclavicular joint. Dr. Weise estimated Employee's PPD to be 5–10% of the knee, 5–10% of the shoulder, and 5% of the back. Dr. Volarich saw Employee on June 4, 1994, and found that he had a 35% PPD of the right shoulder, a 35% PPD of the left knee, and a 15% PPD of the body as a whole at the lumbar spine. Dr. Shreim found that Employee had a 25% PPD of the right shoulder, a 25% PPD of the left knee, and a 15% PPD of the body as a whole. It is within the province of the Commission to assess percentage of disability and said assessment will not be disturbed where the percentage of disability is hotly contested. *Parker v. Mueller Pipeline, Inc.,* 807 S.W.2d 518, 522 (Mo.App.1991). Given the range of medical opinions presented, we cannot say that the Commission erred in finding a 30% PPD of the right shoulder, a 30% PPD to the left knee, and a 10% PPD of the body as a whole. The Commission's findings were within the range of the evidence presented. Point denied.

Judgment is affirmed.

GERALD M. SMITH, P.J., and GARY M. GAERTNER, J., concur.