Stephen H. GRABOWSKI, Jr. and Connie Grabowski, his wife, Appellants

v.

William MANGLER, David Smith and Joseph Ziemba, Appellees.

No. 65, 2007.

Supreme Court of Delaware.

Submitted: June 20, 2007.
Decided: July 9, 2007.

**639**

W. Christopher Componovo and Gary S. Nitsche (argued), Weik, Nitsche, Dougherty & Componovo, Wilmington, DE, for appellants.

Nancy Chrissinger Cobb (argued), Chrissinger & Baumberger, Wilmington, DE, for appellee David Smith.

Robert K. Pearce (argued) and Thomas R. Riggs, Ferry, Joseph & Pearce, Wilmington, DE, for appellee Joseph Ziemba.

Joseph A. Gabay, Wilmington, DE, for appellee William Mangler.

Before STEELE, Chief Justice, BERGER and RIDGELY, Justices.

STEELE, Chief Justice:

Plaintiff-appellant Stephen H. Grabowski sustained injuries arising from horseplay at his job site. After claiming and receiving workers' compensation benefits, Grabowski brought a third party negligence action against co-employees involved in the horseplay: defendant-appellees William Mangler, David Smith, and Joseph Ziemba. Mangler, Smith, and Ziemba filed motions for summary judgment, which the trial judge granted. On appeal, Grabowski argues that the trial judge erred when she granted Defendants' motions for summary judgment because there were genuine issues of material fact in dispute that precluded summary judgment. Grabowski contends that the exclusivity provision of Delaware's Workers' Compensation Act, 19 *Del.C.* § 2304, "does not preclude a tort claim for injuries caused by acts of co-employees when those acts did not arise out of or within the course and scope of employment," and that the workplace horseplay that injured Grabowski did not arise out of or within the course and scope of his employment. Therefore, Grabowski contends that the trial judge erred when she dismissed his third-party claim on the basis that his co-employees injured him within the course and scope of employment.

The trial judge determined that workers' compensation was Grabowski's exclusive remedy; however, the trial judge failed to analyze sufficiently whether Mangler, Smith, and Ziemba's actions constituted horseplay that was outside the course and scope of employment. The parties agree that the trial judge did not make this determination, and the record is insufficient for us to consider the factual dispute for the first time on appeal. We adopt a test suggested by Professor Larson to determine whether an employee's conduct constituted horseplay of such a

character that it could be considered conduct outside the course and scope of employment. We remand with instructions for the trial judge to analyze the facts of this case under the Larson test in accordance with this Opinion. If the trial judge determines that Ziemba, Smith, and Mangler's actions constituted horseplay outside the course and scope of employment, then Grabowski's complaint may not be summarily dismissed.

## FACTS

Grabowski, Mangler, Smith, and Ziemba all worked as pipefitters and welders for J.J. White at the Delaware City Oil Refinery job site. J.J. White had rules forbidding horseplay at their job sites. Mangler, Smith, and Ziemba all knew of these rules. Although it was against J.J. White's rules, employees often engage in horseplay and practical jokes because of long periods of downtime and inactivity between projects.[1]

On October 16, 2000, Mangler, Smith, and Ziemba detained Grabowski in a bathroom, brought him to the ground, and wrapped him, from ankles to shoulders, in duct tape. Grabowski suffered both physical injuries, which required surgery on his lower back and right knee, and post-traumatic stress, which required counseling. Grabowski has since received over $300,000 in workers' compensation for his injuries.

Grabowski filed a complaint in Superior Court against Mangler, Smith, and Ziemba[2] alleging that the defendants caused his injuries and seeking compensatory damages. Ziemba moved for summary judgment, and Mangler and Smith joined in the motion. The trial judge granted defendants' motion,[3] and Grabowski appealed.

## DISCUSSION

Grabowski argues that the trial judge erred when she granted Mangler's, Smith's, and Ziemba's motions for summary judgment. Grabowski contends that he may bring a private tort action against Mangler, Smith, and Ziemba because Delaware's Workers' Compensation Act's exclusivity provision, 19 *Del.C.* § 2304—barring all recovery other than workers' compensation—does not apply to the facts supporting his complaint. Specifically, Grabowski contends that 19 *Del. C.* § 2304 does not preclude a private tort claim arising from co-employees' negligence when that negligence arises from a duct taping incident outside the course or scope of his employment.[4]

1. Examples of past horseplay incidents include taping lunch boxes shut and filling hard hats with water. Indeed, Smith believed that Grabowski had put water in his hard hat at one time. Mangler testified that Grabowski had frequently been involved in horseplay in the past, and that horseplay occurred often. Further, another employee at the job site had once been wrapped and covered in duct tape. Mangler and Smith both testified that they believed J.J. White was not aware of the practical jokes taking place at the job site. Mangler testified that if J.J. White had discovered incidents of horseplay, however, J.J. White probably would have taken disciplinary action.

2. Grabowski also brought suit against various union entities but those defendants have been dismissed and are not part of this appeal.

3. *Grabowski v. Mangler*, 2007 WL 121845 (Del.Super.2007).

4. In his brief, Grabowski also contended that an intent to injure exception to the exclusivity rule applies because Mangler, Smith, and Ziemba intentionally injured Grabowski. See *Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157 (Del.2000). Grabowski, however, abandoned this contention during oral argument.

We review motions for summary judgment *de novo*.[5] The standard of review requires that we consider all facts in a light most favorable to the nonmoving party and determine whether there is a genuine issue of material fact in dispute.[6] When the evidence shows no genuine issues of material fact in dispute, the burden shifts to the non-moving party to demonstrate that there are genuine issues of material fact in dispute that must be resolved at trial.[7]

Generally under the Delaware Workers' Compensation Act, when employees are injured on the job from acts "arising out of and in the course and scope of employment," employers are bound to pay, and employees accept, compensation under the Workers' Compensation Act.[8] Workers' Compensation is the exclusive remedy against the employer, and, therefore, injured employees may not bring additional claims against the employer when the injuries arose from acts "arising out of and in the course and scope of employment."[9]

The Workers' Compensation Act, however, does not bar claims against third party tortfeasors when the third party is "other than a natural person in the same employ" as the injured employee.[10] Injured employees cannot generally bring third party claims against co-employees because co-employees are generally considered to be "in the same employ" under § 2363(a), and, thus, fall within the definition of "employer" under § 2304.[11] This Court has previously held:

> [A] "person in the same employ" means a person employed by the same employer and acting in the course of his employment at the time of the injury to the co-employee ... It is clear, therefore, that to have been acting in the course of his employment, ... the defendant need not have been engaged in a regular duty or function of his own employment at the time of injury to the plaintiff ... [The co-employee is immune from liability] if the act complained of was one which the defendant might reasonably do, or be expected to do, within a time

5. *Williams v. Geier*, 671 A.2d 1368, 1375 (Del. 1996).

6. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

7. *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

8. Specifically, 19 *Del. C.* § 2304 provides:
   Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for *personal injury* or death by accident *arising out of and in the course of employment*, regardless of the question of negligence and to the exclusion of all other rights and remedies.
   (emphasis added). *See also Konstantopoulos v. Westvaco Corp.*, 690 A.2d 936, 938–939 (Del.1996).

9. 19 *Del. C.* § 2304.

10. 19 *Del. C.* § 2363(a) states:
    Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person *other than a natural person in the same employ* ... such injured employee ... may also proceed to enforce the liability of such third party for damages in accordance with this section....
    (emphasis added). *See also Dockham v. Miller*, 1997 WL 817873, *2 (Del.Super.1997), *affirmed by Miller v. Dockham*, 723 A.2d 397 (Del.1998).

11. *Groves v. Marvel*, 213 A.2d 853, 855 (Del. 1965). "The purpose of § 2363(a), and like enactments, is to exclude co-employees from the category of 'third persons' who may be sued by an injured employee, and thus to bar common law negligence suits against co-employees by fellow employees or by subrogated employers in connection with compensable injuries." *Id.*

during which he was employed and at a place where he could reasonably be during that time—even through outside his regular duties.... [12]

■ Workers' compensation may be a plaintiff's exclusive remedy in some instances of co-employee horseplay if the co-employee's actions are within the course and scope of employment. There are some instances, however, where co-employees' horseplay may be so unreasonable and so unexpected that it is not within the co-employees' course and scope of employment. Under these circumstances, a claimant may bring a private tort action against his co-employee(s). The trial judge must make this determination based upon the record available at the time the issue is presented to her.

■ For the first time, we adopt Professor Larson's suggested test as a basis for determining whether co-employees' conduct constituted horseplay of such a character that it was outside the course and scope of employment. After the trial judge applies the Larson test, she can determine as a matter of law whether a plaintiff may bring a tort action against co-employees as if they were third parties rather than "natural persons in the same employ." [13] Under the Larson test, the trial judge must look at the co-employees' conduct and consider the following factors:

(1) [T]he extent and seriousness of the deviation; (2) the completeness of the deviation (i.e., whether it was co-mingled with the performance of duty or involved an abandonment of duty); (3) the extent to which the practice of horseplay had become an accepted part of the employment; and (4) the extent to which the nature of the employment may be expected to include some horseplay.[14]

Professor Larson also describes how to analyze the first two factors:

If the primary test in horseplay cases is deviation from the employment, the question whether the horseplay involved the dropping of active duties calling for claimant's attention as distinguished from the mere killing of time while claimant had nothing to do assumes considerable importance. There are two reasons for this: first, if there were no duties to be performed, there were none to be abandoned; and second, it is common knowledge, embodied in more than old saw, that idleness breeds mischief, so that if idleness is a fixture of the employment, its handmaiden is mischief also.[15]

Here, on the motions for summary judgment, the trial judge analyzed the facts under the Delaware Worker's Compensation Act exclusivity provision (19 *Del. C.* § 2304) alone:

In determining whether a co-employee was acting within the course or scope of his employment when the injury to the claimant occurred, the Court "generally look[s] to the time, place, and cir-

---

**12.** *Id.* at 855–56. Two examples of what may reasonably be expected are helping another employee with his work and creating goodwill for customers. *Id.* at 856.

**13.** *See* 19 *Del. C.* § 2363(a):
Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person *other than a natural person in the same employ* ... such injured employee ... may also proceed to enforce the

liability of such third party for damages in accordance with this section.
(emphasis added). *See also Dockham v. Miller*, 1997 WL 817873, *2 (Del.Super.1997), *affirmed by Miller v. Dockham*, 723 A.2d 397 (Del.1998).

**14.** 1A Arthur Larson, *The Law of Workmen's Compensation*, § 23.01.

**15.** *Id.* at § 23.60.

cumstances of the injury." This requires a focus on three factors: (1) whether the co-employee's act causing the injury was an accident or a willful act; (2) whether the injury was directed against claimant as an employee or because of claimant's employment; and (3) whether the injury was directed against the claimant because of personal reasons.

Delaware courts have not expressly applied these factors to a situation involving an employee/claimant injured as the result of horseplay. And the "case law, as it relates to horseplay injuries in the workplace, is sparse[.]" Nonetheless, this Court has held that "[i]njuries that occur as a result of a claimant's horseplay are considered outside the course of employment." Specifically, under "Delaware law, ... an employee who participates [in] horseplay, which is prohibited by the employer, may not recover [under the Act] for injuries suffered as a result of horseplay, since the activity is determined to be outside the course and scope of employment." However, "an employee not participating in such horseplay may recover [under the Act] for injuries sustained as a result of another employee's horseplay." Stated differently, a "non-participating victim of 'horseplay' may recover compensation[ ]" under the Act.

In *Gen. Foods Corp. v. Twilley*, the "unrefuted testimony" showed that the employee/claimant was at her work station when she was hit on the head by an aluminum-foil ball about the size of a softball. "Although the employee testified that she had participated in the ball-throwing activity in the past, the [Industrial Accident] Board found that on the date of the incident she was a nonparticipating victim of such activity." The Board, therefore, awarded the claimant workers' compensation benefits because a non-participating victim of "horseplay" may recover compensation. On appeal, the Delaware Supreme Court determined that "[t]here is no evidence that the employee was a participant in the 'horseplay' at the time of the accident" and, as such, affirmed the Board's decision.

In this case, as was the situation in *Twilley*, the parties' deposition testimony clearly illustrates that Grabowski was a "nonparticipating victim" of the Defendants' horseplay. Grabowski testified that when he went to use the bathroom at the job site, he was grabbed from behind and was forcefully placed on the ground and held there by Defendants while he was being duct-taped. Defendants' testimony reiterates Grabowski's account of what transpired in the bathroom, which is that Defendants surprised Grabowski from behind and took him to the ground with force. Defendants have also testified that Grabowski had no prior knowledge of Defendants' plans to duct-tape him and that he never consented to such action. Although the record indicates that Grabowski had engaged in similar horseplay on previous occasions while employed at J.J. White, the parties' testimony confirms that Grabowski was not a willing and active participant in the horseplay engaged in by Defendants on the date of the incident in question. He was merely the subject of Defendants' horseplay and ultimately, like the claimant in *Twilley*, became the victim of such horseplay after he sustained injuries as a result of Defendants' actions. Grabowski, therefore, can only be described as a "non-participating victim." Accordingly, because a "nonparticipating victim of 'horseplay' may recover compensation" under the Act, he is precluded from maintaining this ac-

tion pursuant to the "exclusivity" provision of Section 2304.[16]

■ The trial judge, however, did not further analyze whether Ziemba's, Smith's, and Mangler's conduct was horseplay that was outside the course and scope of employment. The parties at oral argument conceded that the trial judge did not conduct this analysis, and that the record is, therefore, incomplete on this issue. Therefore, we remand with instructions for the trial judge to analyze the facts under the Larson test in accordance with this Opinion. If the trial judge determines that the co-employees' horseplay constituted conduct outside of the course and scope of employment, then Grabowski may bring an action against his co-employees, Mangler, Smith, and Ziemba as if they were third parties and not natural persons in the same employ.

### CONCLUSION

We remand with instructions in accordance with this Opinion. Jurisdiction is retained.

---

**16.** *See Grabowski v. Mangler,* 2007 WL 121845 (Del.Super.2007).