# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| JAIME MARAVILLA-DIEGO | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N14C-03-135 PRW |
| | ) | |
| MBM CONSTRUCTION II, LLC, | ) | |
| a Delaware limited liability | ) | |
| company; GENNA | ) | |
| CONSTRUCTION, LLC, a | ) | |
| Delaware limited liability | ) | |
| company; SAEZ AND SON'S | ) | |
| LLC, a Delaware limited liability | ) | |
| company, | ) | |
| Defendants. | ) | |
| And | ) | |
| SAEZ AND SON'S LLC, | ) | |
| Defendant/ Third | ) | |
| Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GENNA CONTRACTING, INC. | ) | |
| Third Party | ) | |
| Defendant. | | |

Submitted: April 23, 2015
Decided: July 21, 2015

## MEMORANDUM OPINION AND ORDER

*Upon Defendant Saez and Son's LLC's Motion for Summary Judgment*
**GRANTED.**

Kyle Kemmer, Esquire, Shelsby & Leoni, Wilmington, Delaware, Attorney for Plaintiff.

Mary E. Sherlock, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, Attorney for Defendant MBM Construction II, LLC.

Louis J. Rizzo, Esquire, Reger Rizzo & Darnall LLP, Attorney for Defendant/Third Party Plaintiff Saez and Son's LLC.

Gerald J. Hager, Esquire, Margolis Edelstein, Attorney for Third Party Defendant Genna Contracting, Inc.

**WALLACE, J.**

## I.    INTRODUCTION

Plaintiff, Jaime Maravilla-Diego ("Maravilla-Diego"), suffered a work-place injury while employed by Defendant, Saez & Son's, LLC ("Saez & Son").  Saez & Son did not carry workers' compensation insurance.  Under 19 *Del. C.* § 2374(e), Maravilla-Diego therefore had a choice between two avenues of relief: compensation under the workers' compensation framework, or a claim for damages at law.   Initially, Maravilla-Diego filed a Petition to Determine Compensation Due with the Industrial Accident Board ("IAB").   But he subsequently withdrew that Petition and filed a negligence suit against Saez & Son and other third parties.  While the negligence claims were pending, Maravilla-Diego again attempted to pursue compensation through a number of IAB filings. Ultimately, the IAB found that his efforts were time-barred by the applicable statute of limitations.  Saez & Son now seeks summary judgment on the negligence claims.   They say that the IAB's final finding precludes Maravilla-Diego's negligence claim under the election of remedies doctrine.  For the reasons set forth below, the Court finds Maravilla-Diego elected a remedy under the workers' compensation framework and is therefore barred from pursuing damages at law. Saez & Son's motion for summary judgment is **GRANTED**.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Maravilla-Diego was injured at work on March 21, 2012.  He was installing apartment siding and fell 40 feet to the ground from a bucket lift, sustaining multiple injuries.  He subsequently instituted proceedings both before the IAB and this Court to recover for his injuries.

### A. IAB Proceedings

Maravilla-Diego first filed a Petition to Determine Compensation Due ("First Petition") on January 29, 2013 before the IAB seeking compensation from Saez & Son for his injuries.[1]

The IAB held a hearing on June 26, 2013 to determine the nature of the employment relationship between Maravilla-Diego and Saez & Son.  The Board issued a written decision on July 10, 2013 finding that Maravilla-Diego was Saez & Son's employee, not an independent contractor.[2]  The Board also awarded Maravilla-Diego attorney's fees.

In December, 2013, Maravilla-Diego inexplicably withdrew the First Petition.[3]

---

[1]    Petition to Determine Compensation Due to Injured Employee, Ex. A. to Def.'s Mot. Summ. J.

[2]    *See* Decision on Employment Relationship, Ex. B to Def.'s Mot. Summ. J.

[3]    *See* Order, Ex. D to Def.'s Mot. Summ. J. at 1 ("Claimant filed a Petition to Determine Compensation Due on January 29, 2013 and then withdrew it in December 2013.").

Yet, beginning in early April, 2014, Maravilla-Diego resumed filing applications before the IAB. He first requested that the IAB order Saez & Son to post a $100,000 bond to cover certain medical expenses. The IAB denied that request on April 15, 2014 because Maravilla-Diego had no Petition pending before it at that time.[4] In its Order denying Maravilla-Diego's bond request, the IAB acknowledged that Saez & Son did not maintain workers' compensation insurance.[5] The IAB further noted that Maravilla-Diego was past the two-year statute of limitations on his workers' compensation claim.[6]

Despite the IAB's finding, on April 16, 2014, Maravilla-Diego filed a Second Petition to Determine Compensation Due ("Second Petition") for the same injury.[7] On May 6, 2014, he also appealed the IAB's decision denying the requested bond order.[8] This Court has stayed that appeal indefinitely, pending the resolution of this matter.[9]

---

[4]     Order, Ex. C to Def.'s Mot. Summ. J. at 2.

[5]     *Id.* at 1.

[6]     *Id.* at 2.

[7]     Petition to Determine Compensation Due to Injured Employee, Ex. F. to Def.'s Mot. Summ. J.

[8]     Notice of Appeal, Ex. I to Def.'s Mot. Summ. J.

[9]     *See Maravilla-Diego v. Saez & Son's LLC*, Del. Super., N14A-05-001, Silverman, J. (Dec. 3, 2014) (ORDER) (D.I. 10; Trans. I.D. #56414337).

Saez & Son filed a motion to dismiss the Second Petition on the grounds that it was filed outside of the 2-year statute of limitations for workers' compensation claims.[10] On July 14, 2014, the IAB granted that motion.[11] In its decision, the IAB rejected Maravilla-Diego's argument that he had mistakenly withdrawn the First Petition and denied his request to reinstate the First Petition.[12]

## B. Maravilla-Diego's Negligence Claims

After withdrawing his First Petition, but before proceeding with his other numerous workers' compensation filings, Maravilla-Diego instituted this negligence action on March 17, 2014 against his Saez & Son and other contractors, including MBM Construction II, LLC ("MBM"), Genna Construction, LLC ("Genna Construction"), and A.P. Croll & Son, Inc. ("A.P. Croll").[13]

Saez & Son now moves for summary judgment on Maravilla-Diego's negligence claims. They contend his pursuit of compensation under the Delaware

---

[10]    DEL. CODE ANN. tit. 19, § 2361(a) (2015) (setting forth 2 years limitations period for compensation claims).

[11]    Order, Ex. D to Def.'s Mot. Summ. J. at 2.

[12]    *Id.* at 2. It appears Maravilla-Diego may seek to revive that first Petition through the bond request and its appeal.

[13]    *See* Compl. (D.I. 1; Trans. I.D. #55159433). The caption has since been amended twice to reflect the correct names for two defendants: MBM Construction II, LLC and Saez and Son's, LLC. *See* Stipulation & Order (D.I. 12; Trans. I.D. #55417145); Stipulation & Order (D.I. 43; Trans. I.D. #55935935). A.P. Croll has since been voluntarily dismissed from this action. Stipulation & Order (D.I. 52; Trans. I.D. #56422673). Saez & Son has also since filed a third party complaint against Genna Contracting, Inc. ("Genna Contracting"). Third Party Compl. (D.I. 74; Trans. I.D. #57092100).

Workers Compensation Act bars his negligence claim under the election of remedies doctrine.

## III.   STANDARD OF REVIEW

Under Delaware Superior Court Rule 56, summary judgment may only be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[14]  The party moving for summary judgment bears the burden of making such showing; if it is successful, the burden shifts to the non-moving party to show that there is a material fact in dispute.[15]  If there is a material fact in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law, summary judgment is inappropriate.[16]  The Court views all facts and draws all reasonable inferences in the light most favorable to the non-moving party.[17]

## IV.   THE PARTIES' CONTENTIONS

Saez & Son argues it is entitled to judgment as a matter of law because Maravilla-Diego's negligence claim is barred because he elected a remedy under the Delaware Workers' Compensation Act (the "Act").  According to Saez & Son,

---

[14]   Del. Super. Ct. Civ. R. 56(c); *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[15]   *Brzoska*, 668 A.2d at 1364.

[16]   *See Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

[17]   *See Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

the moment of election occurred once Maravilla-Diego obtained a final decision on the merits from the IAB that his Second Petition was time-barred.[18]

In response, Maravilla-Diego and MBM contend Maravilla-Diego's negligence claim is not barred by the election of remedies doctrine. They argue that 19 *Del. C.* § 2374(e) permits an employee to initially pursue benefits under the Act against an uninsured employer and then later decide to pursue damages at law if there is no "viable" avenue of recovery under the Act. In their view, because Maravilla-Diego did not recover—and, they believe, could not have recovered— anything under the Act, he made no election and was therefore entitled to sue for damages. Maravilla-Diego posits that Saez & Son has no company-owned property, assets, or cash available with which to post bond, so he had no viable avenue of recovery under the Act.

## V.    DISCUSSION

### A. The Language of 19 *Del. C.* § 2374(e) Permits Recovery of Damages at Law Against an Uninsured Employer.

Generally, the Act provides an employee the exclusive remedy for a work-place injury against his or her employer.[19] But if an employer violates the Act's

---

[18]    In the alternative, Saez & Son contends the principles underlying *res judicata*, collateral estoppel and/or judicial estoppel support its theory and apply in their own right. As the Court finds summary judgment is warranted under the election of remedies doctrine, it does not reach these alternative arguments.

[19]    *See, e.g.*, *Grabowski v. Mangler*, 938 A.2d 637, 641 (Del. 2007) ("Workers' Compensation is the exclusive remedy against the employer, and, therefore, injured employees

-8-

mandatory insurance coverage provisions,[20] the Act eliminates the employer's immunity from personal injury claims at law.[21] Title 19 of the Delaware Code, section 2374(e) provides:

> (e) Whoever, being an employer, refuses or neglects to comply with the sections referred to in subsection (a) of this section on a continuing basis after notice by the Department of Labor shall be subject to a civil penalty: [. . .]
> (3) The *employer shall also be liable to the employer's injured employees* during continuance of such neglect or refusal, *either for compensation under this chapter or in an action at law for damages*.[22]

Should an injured employee choose to pursue damages at law, the employer is deprived of some of its common-law defenses, such as comparative fault and assumption of the risk.[23]

It is undisputed that Saez & Son failed to maintain workers' compensation insurance here. This Court has previously determined in *Lyon v. In Bocca Al*

---

may not bring additional claims against the employer when the injuries arose from acts 'arising out of and in the course and scope of employment.'") (citing DEL. CODE ANN. tit. 19, § 2304).

[20] *See* DEL. CODE ANN. tit. 19, § 2372 (2015) (requiring employers to carry liability insurance); § 2374(a) (employers subject to the chapter's application "[s]hall file with the Department . . . annually . . . evidence of the employer's compliance with §§ 2372 and 2373 of this title and all other sections relating thereto"); § 2373 (relating to payments made by self-insured employers).

[21] *See id.* § 2374(e).

[22] *Id.* § 2374(e) (emphasis added).

[23] *Id.* ("In such action, upon proof that the employer has not complied with this section, it shall not be a defense that the: a. Employee was negligent; or b. Employee had assumed the risk of the injury; or c. Injury was caused by the negligence of a fellow employee.").

*Luppo Trattoria*,[24] that under § 2374(e) "the employee may opt for compensation through the 19 *Del. C.* § 2301 et seq. framework, or may choose to pursue an action at law where certain otherwise available defenses may not be raised."[25] Thus, Maravilla-Diego "had the option of pursuing a remedy at law for damages or a claim for workers' compensation relief."[26]

**B. Maravilla-Diego Elected a Remedy Under 19 *Del. C.* § 2374(e) by Obtaining a Final Judgment from the IAB that His Claim Was Time-Barred.**

Saez & Son raises the election of remedies doctrine as a defense. In response, Maravilla-Diego claims he has not elected a remedy under either his compensation or negligence claims because he has not yet recovered under either. The Court must therefore decide, with this procedural history, if the negligence suit must be dismissed because Maravilla-Diego elected a remedy rooted in compensation under § 2374(e).

**1. The election of remedies doctrine.**

The doctrine of election of remedies arises where a claimant has two or more inconsistent remedies available to redress a single right.[27] The claimant must

---

[24]     2012 WL 4321204, at *2 (Del. Super. Ct. Sept. 18, 2012).

[25]     *Id.* at *2 (interpreting § 2374(e)).

[26]     *Id.*

[27]     *Sannini v. Casscells*, 401 A.2d 927, 931 (Del. 1979); *Scott v. City of Harrington*, 1986 WL 4494, at *1 (Del. Ch. Apr. 14, 1986); *O'Leary v. Telecom Res. Serv., LLC*, 2011 WL 2992099, at *4 (Del. Super. Ct. July 25, 2011).

"elect" to pursue one of them to the exclusion of the others and may not later pursue the other inconsistent remedies.[28] The election of remedies doctrine applies to § 2374(e) because the employee must choose between recovering compensation under the Act or damages at law.[29]

A party elects a remedy when "he makes any decisive act, 'with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other.'"[30] There are limitations to this rule. For instance, a party who mistakenly pursues what is otherwise a legally unavailable avenue of relief does not make the "type of decisive act that would trigger the election of remedies preclusion."[31]

---

[28] *Scott*, 1986 WL 4494, at *1 (quoting *Stoltz Realty Co. v. Raphael*, 458 A.2d 21, 23 (Del. 1983)).

[29] *See* DEL. CODE ANN. tit. 19, § 2374(e) (2015); *see also Wagner v. Allied Chem. Corp.*, 623 F. Supp. 1412, 1414-15 (D. Md. 1985) (common law and workers' compensation actions were coexisting remedies but inconsistent because the worker could recover only one of the two); 6 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW [hereinafter "LARSON'S"] § 102.03 (2013). Compensation is normally exclusive of an action at law. DEL. CODE ANN. tit. 19, § 2304; *Grabowski v. Mangler*, 938 A.2d 637 (Del. 2007).

[30] *O'Leary*, 2011 WL 2992099, at *4 (defendants who failed to pursue action to recover attorney's fees and costs once case was dismissed in California pursuant to California procedure were subsequently barred from claiming those fees and costs in the same action brought in Delaware); *see also Stoltz Realty*, 458 A.2d 21, 23 (Del. 1983) (finding plaintiff "voluntarily waived" its right to recover from defendants under a contract when it "elected the remedy of arbitration against [defendant] and agreed to be bound by the outcome. . .").

[31] *Elysian Fed. Sav. Bank v. Sullivan*, 1990 WL 20737, at *4 (Del. Ch. Mar. 2, 1990) (finding no decisive act where party filed mortgage proceeding in Superior Court mistakenly believing jurisdiction was proper there rather than in Chancery); 28A C.J.S. *Election of Remedies* § 27 (2015) (discussing "established exceptions as to the effect of ignorance or mistake in making an election and of the fruitless pursuit of a remedy which is in fact unavailable").

A "decisive act" is defined as prosecuting a claim to a final judgment or decree—whether for or against the claimant.[32] A valid and final personal judgment is generally "one which reaches and determines the real or substantial grounds of the action or defense as distinguished from matters of practice, procedure, jurisdiction or form."[33] If a court dismisses an action once the defendant has demonstrated the plaintiff failed to show a right to relief, this dismissal "operates as an adjudication upon the merits," barring a subsequent suit on the same claim.[34] Dismissals grounded on the statute of limitations are therefore final adjudications on the merits.[35]

---

[32] *Stoltz Realty*, 458 A.2d at 23; *Sannini*, 401 A.2d at 931 (plaintiffs' choice "to proceed in equity to impress a constructive trust constituted an election of remedies, and the pursuit of that choice to final judgment now precludes them from seeking damages"); *Scott*, 1986 WL 4494, at *2; 28A C.J.S. Election of Remedies § 27 ("[A]n election is made only so long as the remedy elected has been pursued to a viable final judgment").

[33] *Trans World Airlines, Inc. v. Hughes*, 317 A.2d 114, 119 (Del. Ch. 1974), *aff'd,* 336 A.2d 572 (Del. 1975) (internal quotations and citations omitted).

[34] *Id.* ("Thus, a judgment in a prior action will not serve as a bar to a second suit 'if the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action.'"). *See also* Del. Super. Ct. Civ. R. 41(b) (dismissals under this subsection are adjudications on the merits except if dismissed for lack of jurisdiction, improper venue, or failure to join a party under Rule 19); RESTATEMENT (SECOND) OF JUDGMENTS § 19 cmt. b (2015).

[35] *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) (citing Fed. R. Civ. P. 41(b)) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Atkinson v. Middlesex Cnty.*, 2015 WL 1787167, at *2 (3d Cir. Apr. 21, 2015) ("After the statute of limitations has run, an unconditional dismissal without prejudice is considered final."); *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009).

For an IAB decision or award to have "definitive effect" under the Act, "the decision or award must have reached the final and conclusive stage as contemplated by [19 Del. C. §] 2349."[36]  Section 2349 provides that an IAB's award is not final and conclusive until the period for appeal has run.[37]  An IAB "award" is a "final determination."[38]  Once an award is unappealable, there is "nothing for future determination or consideration" as to an award, and it is deemed a "final judgment[] on the merits of the discreet controversies adjudicated."[39]  But only the IAB's orders and decisions that determine a substantial issue or a legal right are final and appealable.[40]  For example, if the IAB

---

[36]  *Hamilton v. Trivits*, 340 A.2d 178, 181 (Del. Super. Ct. 1975).

[37]  DEL. CODE ANN. tit. 19, § 2349 (2015) ("An award of the Board, in the absence of fraud, shall be final and conclusive between the parties, except as provided in § 2347 of this title, unless within 30 days of the day the notice of the award was mailed to the parties either party appeals to the Superior Court for the county in which the injury occurred or, if the injury occurred out of the State, to the Superior Court in and for the county in which the hearing was had."); *Hamilton*, 340 A.2d at 180.  Section 2347 permits Board review of previous awards under certain circumstances.  *Id.* § 2347.

[38]  *Eastburn v. Newark Sch. Dist.*, 324 A.2d 775, 776 (Del. 1974) ("The word 'award' must be read as the final determination of the Board in the case.").

[39]  *Blue Hen Lines, Inc. v. Turbitt*, 787 A.2d 74, 78 (Del. 2001) (holding unappealed awards may not be revisited or modified on remand, and, because there is nothing for future determination or consideration regarding those awards, they are final judgments).

[40]  *See Liberty Mut. Ins. Co. v. Silva-Garcia*, 2012 WL 4165653, at *3 (Del. Super. Ct. Sept. 5, 2012) (finding Board's order pertaining to insurance coverage did not determine a substantial issue or a legal right and was therefore interlocutory, not final).

-13-

finds that a claimant fails to meet a burden of proof on his injury's causal relation to the defendant's actions, that finding is deemed a "valid and final judgment."[41]

Maravilla-Diego had a choice between two inconsistent remedies here: either he could seek compensation under the Act's framework, or he could seek damages at law against Saez & Son.[42]  As such, he may elect to pursue only one to a final judgment.[43]  Initially, Maravilla-Diego sought compensation against his uninsured employer by filing a Petition with the IAB.  He then withdrew that Petition after the IAB issued a finding that he was indeed Saez & Son's employee and awarded him attorney's fees.[44]  His next series of actions muddies the proceedings, as he then simultaneously pursued a negligence action in this Court, a bond request before the IAB, a Second IAB Claim Petition, and an appeal to this Court of the IAB's denial of the bond request.

But the Court need not decide whether any of these actions were individually enough to elect a remedy.  The Court first notes that there is only one valid, final judgment here—the dismissal of his Second Petition.  The IAB's July

---

[41]    *Messick v. Star Enter.*, 655 A.2d 1209, 1212 (Del. 1995).

[42]    § 2374(e).

[43]    *See Wagner v. Allied Chem. Corp.*, 623 F. Supp. 1412, 1414 (D. Md. 1985) (the pursuit of a compensation claim to a final judgment constitutes an election of one of the two options).

[44]    Maravilla-Diego argues whether he "intentional[ly] or inadvertent[ly]" withdrew his original Petition "has no bearing on the viability of the instant action since there was clearly no avenue of recovery of benefits for Plaintiff under the Act."  Pl.'s Resp. Br. at 5 n.12.

-14-

14, 2014 order dismissing the Second Petition on statute of limitations grounds determined that Plaintiff's legal right to proceed with a compensation claim had expired. Plaintiff has not appealed this dismissal, and there is therefore nothing more for the IAB to determine with regard to the Second Petition. A dismissal on those grounds therefore operates as a final judgment and an adjudication on the merits of his workers' compensation claim under that Second Petition.

And, while the parties urge otherwise, because there is a clear resolution in this case, the Court need not determine whether any of Maravilla-Diego's other IAB filings or actions are triggers for electing a remedy. Maravilla-Diego clearly intended to bring his claims before the IAB, and he proceeded until he obtained a final IAB judgment. The Court now considers his argument that that final judgment should not be construed as a "decisive act" constituting an election of a remedy under § 2374(e).

### 2. Maravilla-Diego Has Elected a Remedy Under § 2374(e) Despite Failing to Recover Compensation Under the Act.

Maravilla-Diego argues that, given the language of § 2374(e) and interpretive case law, the Court should find a successful recovery is the moment of election. Indeed, successfully prosecuting a claim for compensation will ordinarily bar the pursuit of a subsequent tort action for the same injury.[45] In *Lyon*, the

---

[45] *See Lyon v. In Bocca Al Luppo Trattoria*, 2012 WL 4321204, at *2 (Del. Super. Ct. Sept. 18, 2012) (finding plaintiffs who filed IAB petition and received a settlement payment from

plaintiffs received a settlement payment from the uninsured employer, who posted bond to cover the claims.[46] The plaintiffs then sued the employer, alleging tort claims.[47] This Court found that the "[p]laintiffs elected to pursue a remedy rooted in workers' compensation" and were "[a]ccordingly . . . barred from pursuing a *second recovery* in the instant action."[48]

Unlike Maravilla-Diego, the plaintiffs in *Lyon* did recover compensation. But this Court did not hold that recovery was a necessary fact for preclusion. It recited the facts existing in that case and simply held there that the plaintiffs were precluded from pursuing a second recovery under § 2374(e).[49] Here, Maravilla-Diego was unsuccessful in recovering compensation under the Act. Thus, the Court is faced with a different situation than in *Lyon*.

The question of whether an employee has elected a remedy against an uninsured employer is worrisome when the employee chooses an unsuccessful remedy initially.[50] Some courts have found that an unsuccessful compensation

---

uninsured employer had "elected to pursue a remedy rooted in workers' compensation" and were therefore "barred from pursuing a second recovery" in negligence against employer); *see also* 6 LARSON'S § 102.03.

[46] *Lyon*, 2012 WL 4321204, at *1.

[47] *Id.*

[48] *Id.* at *2 (emphasis added).

[49] *Id.*

[50] *See* 6 LARSON'S § 102.03[1] ("The most troublesome question that emerges from the

claim does not bar a subsequent suit for damages.[51] But courts have reached this result when the plaintiff's initial route was unsuccessful because he or she had no choice between two *existing* inconsistent remedies.[52] Still other courts recognize either the recovery of "something of value on a claim *or* [the pursuit of] an action to final judgment" as an election.[53] The recognized underlying purpose is to prevent the potential double recovery.[54]

---

various situations in which an action at law may lie—or may be thought to lie—against the employer is this: is the employee who pursues one remedy to a fruitless conclusion barred by his or her election from pursuing the other?").

[51] *See id.* (citing cases); *see also Redifer v. Chester*, 720 S.E.2d 66, 69 (Va. 2012) ("An employee may pursue alternative relief simultaneously, and if the employee fails to collect under the remedy he or she initially pursues to award, the employee may pursue the alternative remedy in an effort to effect a recovery. However, the employee is entitled to only one recovery.")

[52] *See id.* ("The correct theory. . . is that an election of a remedy which proves to be nonexistent is no election at all."); *see also Patrick v. Highbaugh*, 347 S.W.2d 88, 90 (Ky. 1961) ("As appellant's application for compensation benefits was already barred by limitations at the very time it was asserted, neither he . . . nor his guardian. . . could be said to have possessed a valid remedy under the Compensation Act."); *Ray v. Knights*, 194 A.D.2d 131, 134 (N.Y. App. Div. 1993) (workers' compensation act did not apply and acceptance of benefits did not bar subsequent damages claim).

[53] *See, e.g.*, *Brookman v. Henry Transp.*, 924 S.W.2d 286, 289 (Mo. Ct. App. 1996) (emphasis added).

[54] In some instances, this is addressed instead by having one recovery offset the recovery obtained via a different avenue. *See, e.g.¸ Millison v. E.I. du Pont de Nemours & Co.*, 501 A.2d 505, 519 (N.J. 1985) (holding pursuit of compensation benefits does not preclude common-law suit and "insurance carrier will be able to offset compensation benefits previously paid to the extent that the civil damage award would serve as a double recovery"); *Le Parc Cmty. As'n v. Workers' Comp. Appeals Bd.*, 2 Cal. Rptr. 3d 408, 418 (Cal. Ct. App. 2003) (interpreting statute explicitly permitting cumulative remedies against uninsured employer in workers' compensation proceeding and in superior court: one compensation award or judgment will be credited against the other).

The Court finds that resolution of one avenue of relief in a final judgment—rather than successful recovery—is most consistent with the election of remedies doctrine as it has been applied in Delaware.[55] Pursuing a claim that eventually results in dismissal for being time-barred is in fact a valid election, although this is a harsh result.[56] Just so here.

Viewing the facts in light most favorable to Maravilla-Diego, the non-moving party, the Court finds that his pursuit of compensation through to a final judgment from the IAB on his Second Petition constitutes an election of that remedy. There is no evidence in the record that Maravilla-Diego *mistakenly* pursued what he believed to be an available remedy. Here, Maravilla-Diego did have a *legally* viable option of recovering under the Act when he first commenced; his complaint is that as a practical matter, actual recovery might have been difficult under the Act. He candidly admits that he knew as he forged forward before the IAB that Saez & Son might not be able to even post bond for lack of company-owned assets. The fact that Saez & Son may lack assets to post bond may have made Maravilla-Diego's pursuit of a compensation award against it

---

[55] *Stoltz Realty Co. v. Raphael*, 458 A.2d 21, 23 (Del. 1983); *Sannini v. Casscells*, 401 A.2d 927, 931 (Del. 1979); *Scott v. City of Harrington*, 1986 WL 4494, at *1 (Del. Ch. Apr. 14, 1986); *O'Leary v. Telecom Res. Serv., LLC*, 2011 WL 2992099, at *4 (Del. Super. Ct. July 25, 2011).

[56] *See, e.g.*, *Pryse Monument Co. v. Dist. Court of Kay Cnty.*, 595 P.2d 435, 437 (Okla. 1979) (plaintiff's untimely compensation claim barred subsequent tort claim against uninsured employer).

disadvantageous, but that is not the inquiry. Knowing pursuit of the less advantageous of the two remedies to the point of dismissal for being time-barred is still a valid election of a remedy.

Moreover, the IAB noted in its April 15, 2014 bond request denial order that the statute of limitations for filing claim petitions had passed at that point. Yet, Maravilla-Diego proceeded to file a Second Petition anyway. Even viewing the facts in his favor, the Court cannot find any record evidence that Maravilla-Diego was unaware of the facts and circumstances informing his decision to pursue workers' compensation benefits to judgment. Thus, Maravilla-Diego has obtained a final judgment on his compensation claim—a decisive act evidencing his intent to pursue workers' compensation as a remedy.

Maravilla-Diego suggests that because the purpose of the Act is to promote injured employees' recovery of compensation, a finding that he made an election in the absence of recovery—or, in his view, even a potential recovery—would frustrate the Act's purpose. The Delaware Supreme Court has held that among the goals of workers' compensation is "to give an employee . . . a prompt and sure means of receiving compensation and medical care without subjecting him[ ] to the hazards and delays of a law suit."[57] And where an employer purposefully manipulates the system so that an injured worker is left with no recourse following

---

[57] *Campos v. Daisy Constr. Co.*, 107 A.3d 570, 580 (Del. 2014).

-19-

a workplace injury, the Court has found this to be contrary to the Act's purpose.[58] But that is not so here.

Maravilla-Diego chose his remedy knowing from the outset the relative advantages and disadvantages.[59] He then, through numerous proceedings, pursued it to a final judgment. Even still, he will not be left without recourse should his claim at law against his employer be dismissed—he has sued third parties at law, and his appeal of the IAB bond denial remains pending.[60] Most importantly, if Maravilla-Diego is left with no way to recover workers' compensation benefits here, it is not the result of Saez & Son's actions or inactions. Maravilla-Diego had a choice between remedies and pursued one—workers' compensation through the IAB—to a final judgment. He may not now pursue the inconsistent remedy at law.

## VI.   CONCLUSION

The Court finds that Maravilla-Diego, under the unique facts presented here, had elected a remedy by pursuing workers' compensation benefits to a final judgment. His action at law against Saez & Son must be **DISMISSED** as barred

---

[58]     *Id.* ("When [plaintiff] received benefits under the Act, he gave up his right to sue [defendant] in tort for permanently disabling him. If we were to now find that [defendant] could terminate his benefits without making a proper demonstration of job availability as required by § 2325, we would leave [plaintiff] with no recourse following his disabling workplace injury.").

[59]     *See* Petition to Determine Compensation Due to Injured Employee, Apr. 16, 2014, Ex. F to Def.'s Mot. Summ. J. (listing "Uninsured" in the Insurance Carrier field).

[60]     This appears to be an attempt to revitalize and continue with his First Petition.

by the election of remedies doctrine.  Saez & Son's Motion for Summary Judgment is therefore **GRANTED.**

    **IT IS SO ORDERED.**

*/s/ Paul R. Wallace*

**PAUL R. WALLACE, JUDGE**

Original to Prothonotary
cc:  All counsel via File & Serve