IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES PICKENS, | § | |
| | § | |
| Defendant Below, | § | No. 387, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| CITIMORTGAGE, INC., successor | § | |
| by merger to CITIFINANCIAL | § | C.A. No. N13L-02-021 |
| MORTGAGE COMPANY, INC., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 5, 2015
Decided: April 4, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 4th day of April 2016, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:

(1) The appellant, Charles Pickens, filed this appeal from an order of the Superior Court granting summary judgment to the appellee, CitiMortgage, Inc., successor by merger to CitiFinancial Mortgage Company, Inc. ("CitiMortgage"). We find no merit to Pickens' appeal. Accordingly, we affirm the Superior Court's judgment.

(2) On April 13, 2005, Yvette Pickens, Pickens' then-wife, executed a promissory note ("Note") for a $184,500 loan from Wilmington Finance, a division

of AIG Federal Savings Bank. Yvette Pickens also signed a Prepayment Rider and Allonge to the Note. Pickens' signature did not appear on any of these documents.

(3) The Note was secured by a mortgage dated April 13, 2005 ("Mortgage") on real property owned by Pickens and Yvette Pickens ("the Property"). Both Pickens and Yvette Pickens signed the Mortgage. The Mortgage provided that if payments were not made on the Note, the lender could, after thirty days notice, accelerate the sum secured by the Mortgage.[1] The lender could also foreclose upon the Property for collection of the amount owed under the Note, along with the costs of suit, reasonable attorneys' fees, sums expended for the payment of property taxes and insurance, and any other charges expended for preservation of the Property.[2] By assignment dated September 30, 2005, the Mortgage was assigned to CitiMortgage's predecessor.

(4) No payments have been made on the Note since March 2011. In February 2013, CitiMortgage filed a *scire facias sur* mortgage complaint against Pickens and Yvette Pickens. Yvette Pickens did not respond to the complaint. Pickens initially filed a motion to dismiss, which he withdrew, and then filed an answer and counterclaims. The Superior Court granted CitiMortgage's motion to

---

[1] Appendix to Appellee's Answering Brief at B193.
[2] *Id.* at B187, B193.

2

dismiss the counterclaims on November 14, 2013. Pickens then filed another motion to dismiss, which the Superior Court denied on December 19, 2013.

(5) On January 30, 2015, CitiMortgage filed a motion for summary judgment. The Superior Court held a hearing on the motion for summary judgment on March 12, 2015. At the conclusion of the hearing, the Superior Court gave Pickens another sixty days to find replacement financing. The Superior Court also directed CitiMortgage to file a certification that Pickens was not an obligor on the Note. CitiMortgage filed the certification on March 27, 2015.

(6) The Superior Court held another hearing on July 9, 2015. Pickens had not obtained replacement financing. The Superior Court concluded that Pickens had presented no valid defense to the foreclosure action and granted CitiMortgage's motion for summary judgment. This appeal followed.

(7) We review the Superior Court's grant or denial of a motion for summary judgment *de novo*.[3] On a motion for summary judgment, the movant must demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.[4] "When the evidence shows no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to

---

[3] *ConAgra Foods Inc. v. Lexington Ins. Co.*, 21 A.3d 62, 68 (Del. 2011).
[4] Super. Ct. Civ. R. 56(c).

3

demonstrate that there are genuine issues of material fact that must be resolved at trial."[5]

(8)  On appeal, Pickens asserts a number of confusing and conclusory claims that may be summarized as follows: (i) the Mortgage was not in default because payment was never a problem for him; (ii) his signature was on the Note; (iii) CitiMortgage ignored the Superior Court's orders to settle this matter; (iv) the Mortgage was the result of predatory lending practices; (v) title fraud; and (vi) violation of various federal statutes, including the Real Estate Settlement Procedures Act and Fair Housing Act, as well as other criminal and fraudulent conduct by CitiMortgage and its counsel.[6]

(9)  Defenses in a foreclosure action are limited to payment, satisfaction, absence of a seal, or a plea in avoidance of the deed.[7]  Although Pickens claims that payment was never a problem for him, it is undisputed that no payments have been made on the Note since March 2011.  In the event of non-payment of the Note, the Mortgage provides that CitiMortgage may foreclose on the Property.

---

[5] *Grabowski v. Mangler*, 938 A.2d 637, 641 (Del. 2007).

[6] These claims include allegations that CitiMortgage's counsel hacked into Pickens' computer after the summary judgment motion was granted.  These claims were not before the Superior Court in the first instance and cannot be considered by the Court for the first time on appeal.  Supr. Ct. R. 8; *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997).

[7] *Brooks v. BAC Home Loans Serv., LP*, 2012 WL 3637238, at *1 (Del. Aug. 23, 2012) (citing *Gordy v. Preform Building Components, Inc.*, 310 A.2d 893, 895 (Del. Super. Ct. 1973)).

(10) As to Pickens' contentions regarding the signatures on the Note, only his ex-wife is listed as a signatory and only his ex-wife's signature appears on the Note. To the extent some of Pickens' claims of predatory lending practices, title fraud, statutory violations, and criminal and fraudulent conduct by CitiMortgage and its counsel relate to the Mortgage, none of those conclusory and unsubstantiated allegations created a genuine issue of material fact precluding the entry of summary judgment. Pickens' remaining claims do not constitute a defense to a foreclosure action.[8]

(11) In addition, as to Pickens' claim that CitiMortgage refused to settle with him as advised by the Superior Court, the record reflects that the Superior Court directed CitiMortgage to investigate whether Pickens was eligible for loan modification and to provide Pickens with certain information that he would need to obtain replacement financing. CitiMortgage complied with the Superior Court's directives. CitiMortgage was not required to comply with Pickens' demand for a mortgage substantially less than the amount due under the Note. Having carefully reviewed the parties' positions on appeal, we conclude that the Superior Court did not err in granting CitiMortgage's motion for summary judgment.

---

[8] *Id.*

5

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice