# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHAKIRRA WONNUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N17C-01-291 ALR |
| | ) | |
| MAJOR FRED WAY, III, | ) | |
| WARDEN WENDI CAPLE, | ) | |
| CAPTAIN RAMONE TAYLOR, | ) | |
| and FAITH LEVY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: June 20, 2017
Decided: July 25, 2017

## MEMORANDUM OPINION

*Upon State's Motion to Dismiss*
**DENIED in part; GRANTED in part**

*Upon Plaintiff's Motion to Amend Complaint*
**DENIED**

Raeann Warner, Esq., Jacobs & Crumplar, P.A., Wilmington, Delaware, Attorney for Plaintiff Chakirra Wonnum.

Charles H. Toliver, IV, Esq., Morris James LLP, Wilmington, Delaware, Attorney for Defendant Major Fred Way, III.

Joseph C. Handlon and Roopa Sabesan, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware, Attorneys for Defendants Warden Wendi Caple, Captain Ramone Taylor, and Faith Levy.

**ROCANELLI, J.**

# I.   FACTUAL AND PROCEDURAL BACKGROUND

This is a civil case arising from prohibited sexual contact between Defendant Major Fred Way, III ("Defendant Way"), the former Security Superintendent at Baylor Women's Correctional Institution ("Baylor") in New Castle County, Delaware, and Plaintiff Chakirra Wonnum, an incarcerated Baylor inmate committed to the custody of the Department of Correction ("DOC"). Defendant Way engaged in sex acts with Plaintiff in Defendant Way's office at Baylor with the door closed on at least two separate occasions in June 2015.[1] Plaintiff alleges that Plaintiff suffered physical and emotional injuries as a result of these sexual encounters.

DOC has a mandatory policy prohibiting DOC employees from being alone in a room with an inmate while the door is closed ("DOC Mandatory Policy"). The DOC Mandatory Policy requires DOC employees to keep the door to a room propped open or to have a third-party present at all times while an inmate is present. According to Plaintiff, the DOC Mandatory Policy was implemented to protect inmates and DOC employees from physical and sexual abuse.

In addition to tort claims against Defendant Way, Plaintiff asserts claims of gross negligence against various DOC officials. First, Plaintiff alleges that Baylor Warden Wendi Caple, Baylor Correctional Officer Ramone Taylor, and Baylor

---

[1] Defendant Way was convicted of four misdemeanor charges of Official Misconduct in connection with his actions.

1

Counselor Faith Levy contributed to Plaintiff's injuries by acting with gross negligence in allowing and/or failing to prevent the unsupervised encounters between Defendant Way and Plaintiff, as required by the DOC Mandatory Policy. (For ease of reference, the Court refers to Warden Caple, Mr. Taylor, and Ms. Levy as "DOC Supervisory Defendants.")

Additionally, the Complaint states claims against Warden Caple for her alleged role as a DOC official who was responsible for promoting Defendant Way to the position of Security Superintendent and assigning him to Baylor. Plaintiff seeks to amend her Complaint[2] to add three additional DOC officials as parties to this action. Specifically, Plaintiff proposes to add claims against Robert May, John Sebastian, and Phil Parker for their alleged roles as DOC officials who, along with Warden Caple, were allegedly responsible for the decision to promote Defendant Way and assign him to Baylor. Plaintiff alleges that, in light of Defendant Way's criminal history and prior misconduct,[3] the DOC officials who promoted and

---

[2] Plaintiff has amended her Complaint twice. At the June 20, 2017 hearing on the pending Motions, Plaintiff's counsel indicated that it was necessary to correct additional clerical errors in Plaintiff's Second Amended Complaint. This Order does not address those proposed amendments to correct clerical errors, for which leave was granted at the June 20 hearing. This Order addresses Plaintiff's Second Amended Complaint, which is the current operative pleading in this case and referenced as the "Complaint."

[3] Plaintiff alleges that Defendant Way's criminal history and prior misconduct includes: (i) a 2002 criminal conviction for Driving Under the Influence; (ii) a 2002 criminal charge for disorderly conduct; (iii) a 2003 civil judgment against Defendant Way for improper retaliation and excessive force against an inmate

2

assigned Defendant Way contributed to Plaintiff's injuries by acting with gross negligence in their decision-making. (For ease of reference, the Court refers to the DOC officials who were allegedly responsible for Defendant Way's promotion and assignment as "DOC Administrative Defendants," including Warden Caple to the extent it is alleged that she acted in this capacity.)

The State of Delaware has appeared on behalf of the DOC Supervisory Defendants as well as the DOC Administrative Defendants. The State has moved to dismiss Plaintiff's claims against the DOC Supervisory Defendants on the grounds that (i) the DOC Supervisory Defendants are immune from liability under Section 4001 of the State Tort Claims Act ("State Tort Claims Act");[4] and (ii) Plaintiff's claims against the DOC Supervisory Defendants are barred by the judicially-created public duty doctrine. In addition, the State has moved to dismiss the claims against Warden Caple to the extent Plaintiff seeks to impose liability on Warden Caple for her alleged role in the promotion of Defendant Way to the position of Security Superintendent and assignment of him to Baylor. Finally, the State opposes Plaintiff's Motion to Amend the Complaint on the grounds that the proposed addition of the three additional DOC officials is futile because the DOC Administrative Defendants have qualified immunity under the State Tort Claims

---

under Defendant Way's supervision; and (iv) a 2004 criminal charge for driving without a license, to which Defendant Way pleaded Not Guilty after initially failing to appear for court.

[4] 10 *Del. C.* § 4001.

3

Act and are protected by the public duty doctrine. Defendant Way takes no position on either pending motion.[5]

This is the Court's Memorandum Opinion on the State's Motion to Dismiss and Plaintiff's Motion to Amend the Complaint.

## II. APPLICABLE LAW AND LEGAL STANDARDS

### A. Superior Court Civil Rule 12(b)(6).

The State has moved to dismiss Plaintiff's Complaint against the DOC Supervisory Defendants pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted which must be decided solely on the allegations set forth in the complaint.[6] The Court shall accept all well-pleaded allegations in the Complaint as true and make all reasonable inferences in favor of the non-moving party.[7] Factual allegations, even if vague, are well-pleaded if they provide notice of the claim to the other party.[8] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[9]

---

[5] By Order dated May 24, 2017, counsel was appointed to represent Defendant Way pursuant to 10 *Del. C.* § 3925 and Delaware Supreme Court Rule 68.

[6] *Walls v. Williams*, 2006 WL 1133563, at *1 (Del. Super. Mar. 28, 2006); *Jackson v. Fleming*, 2005 WL 2090773, at *1 (Del. Super. Apr. 27, 2005).

[7] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[8] *Spence*, 396 A.2d at 968.

[9] *Id.*

4

**B.    Superior Court Civil Rule 15(a).**

Plaintiff has moved to amend the Complaint pursuant to Superior Court Civil Rule 15(a). Where, as here, an opposing party has filed a responsive pleading to the initial complaint, Rule 15(a) allows Plaintiff to amend the Complaint only by leave of Court,[10] which is reserved to the Court's discretion[11] and "shall be freely given when justice so requires."[12] However, "leave to amend should be denied when the proposed amendment would be futile."[13] "A motion for leave to amend a complaint is futile where the amended complaint would be subject to dismissal under Rule 12(b)(6) for failure to state a claim."[14]

**C.    Section 4001 of the State Tort Claims Act.**

The State Tort Claims Act shields State employees, such as the DOC Supervisory Defendants and the DOC Administrative Defendants, from civil liability if the State employee's conduct: (1) arose out of and in connection with the performance of official duties involving the exercise of discretion, (2) was performed in good faith, and (3) was performed without gross or wanton

---

[10] Super. Ct. Civ. R. 15(a).
[11] *Farmer v. Brosch*, 8 A.3d 1139, 1143 (Del. 2010) (citing *Wilson v. Wilson*, 2005 WL 147942, at *2 (Del. Super. Jan. 14, 2005)).
[12] Super. Ct. Civ. R. 15(a).
[13] *Clark v. State Farm Mut. Auto. Ins. Co.*, 131 A.3d 806, 812 (Del. 2016) (internal citations omitted).
[14] *Id.* (quoting *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011)).

negligence.[15]  Plaintiff must establish the absence of only one of these elements to defeat qualified immunity under the State Tort Claims Act.[16]

With respect to Section 4001(1) of the State Tort Claims Act, an act is considered discretionary where "there is no hard and fast rule as to [the] course of conduct that one must or must not take."[17]  In contrast, an act is non-discretionary or ministerial "if the act of the official involves less in the way of personal decision or judgment or the matter for which judgment is required has little bearing of importance upon the validity of the act."[18]  Ministerial acts are performed "in a prescribed manner"[19] and "typically involve conduct directed by mandatory rules

---

[15] *See* 10 *Del. C.* § 4001; *Christman v. Dep't of Health & Soc. Servs.*, 2014 WL 3724215, at *3 (Del. July 25, 2014) (quoting *Jackson v. Minner*, 2013 WL 4538321, at *1 (Del. Aug. 23, 2013)). *See also Hughes ex rel. Hughes v. Christiana Sch. Dist.*, 2008 WL 2083150, at *2 (Del. May 19, 2008) ("In other words, Section 4001 provides immunity to discretionary acts committed in good faith, in the course of the performance of official duties and without gross or wanton negligence.").

[16] *J.L. v. Barnes*, 33 A.3d 902, 914 (Del. Super. 2011) (citing 10 *Del. C.* § 4001). *See also Minner*, 2013 WL 4538321, at *1 ("The plaintiff has the burden of proving the absence of one or more of the elements of immunity.").

[17] *J.L.*, 33 A.3d at 914 (alteration in original).

[18] *Hughes ex rel. Hughes*, 2008 WL 2083150, at *3 (quoting *Sussex Cty. v. Morris*, 610 A.2d 1354, 1358–59 (Del. 1992)).

[19] *Jackson v. Minner*, 2013 WL 871784, at *6 (Del. Super. Mar. 1, 2013), *aff'd*, 2013 WL 4538321 (Del. Aug. 23, 2013) (quoting *Higgins v. Walls*, 901 A.2d 122, 143–44 (Del. Super. 2005)).

or policies."[20] Whether an act is discretionary or ministerial is a legal determination.[21]

With respect to Section 4001(3) of the State Tort Claims Act, gross negligence is a heightened standard of ordinary negligence that is defined as "an 'extreme departure from the ordinary standard of care' that 'signifies more than ordinary inadvertence or inattention.'"[22] The Delaware Supreme Court has equated gross negligence to criminal negligence under Delaware's criminal code,[23] characterizing the applicable standard as the failure "to perceive a risk . . . of such nature that failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."[24]

## D. The Public Duty Doctrine.

The judicially-created public duty doctrine bars certain claims against State officials that arise from discretionary conduct.[25] The public duty doctrine applies if the State official owes a duty to the public at large rather than to a specific

---

[20] *J.L.*, 33 A.3d at 914 (citing *Knoll v. Wright*, 1988 WL 71466 (Del. June 29, 1988)).

[21] *Guitierrez v. Advanced Student Transp., Inc.*, 2015 WL 4460342, at *4 (Del. Super. July 14, 2015); *Hale v. Elizabeth W. Murphey Sch., Inc.*, 2014 WL 2119652, at *4 (Del. Super. May 20, 2014).

[22] *Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1199 (Del. 2015) (internal citations omitted).

[23] *Jardel Co. v. Hughes*, 523 A.2d 518, 530 (Del. 1987).

[24] 11 *Del. C.* § 231.

[25] *J.L.*, 33 A.3d at 916; *Higgins*, 901 A.2d at 143 (citing *Johnson v. Indian River Sch. Dist.*, 723 A.2d 1200, 1203 (Del. Super. 1998)).

individual when the alleged tortuous conduct is discretionary in nature.[26] If

Plaintiff's claims arise from the discretionary acts of the DOC Supervisory

Defendants or the DOC Administrative Defendants, the claims are barred by the

public duty doctrine unless Plaintiff can establish (i) an assumption of an

affirmative duty to act by the defendant; (ii) knowledge by the defendant that

inaction could lead to harm; (iii) some form of direct contact between the

defendant and the injured party; and (iv) justifiable reliance by Plaintiff on an

affirmative undertaking by the defendant.[27]

## III. DISCUSSION

**A.** **The DOC Supervisory Defendants are Eligible for Qualified Immunity under the State Tort Claims Act and the Protection of the Public Duty Doctrine but the Lawsuit May Proceed against the DOC Supervisory Defendants.**

The DOC Supervisory Defendants are eligible for qualified immunity under

the State Tort Claims Act as State officials acting in the scope of their employment

for the DOC.  Moreover, the DOC Supervisory Defendants are public officials who

eligible for protection of the public duty doctrine.  Upon consideration of the State

Tort Claims Act and the public duty doctrine, as well as the current record, the

---

[26] *See Minner*, 2013 WL 871784, at *3–4; *Castellani v. Del. State Police*, 751 A.2d 934, 938–39 (Del. Super. 1999), *aff'd*, 1999 WL 1319361 (Del. Dec. 9, 1999).
[27] *Minner*, 2013 WL 871784, at *4 (quoting *Castellani*, 751 A.2d at 938).

Court declines to dismiss Plaintiff's claims against the DOC Supervisory Defendants as a matter of law.

### i. Plaintiff states claims of a non-discretionary failure to act against the DOC Supervisory Defendants under Section 4001.

Plaintiff must establish one of three possible avenues of relief in order to defeat the DOC Supervisory Defendants' qualified immunity under the State Tort Claims Act:[28] (i) non-discretionary action; (ii) bad faith; or (iii) gross negligence.[29] Accepting all well-pleaded allegations in the Complaint as true, the Court finds that there is a reasonably conceivable set of circumstances susceptible to proof under which Plaintiff could defeat the DOC Supervisory Defendants' qualified immunity because Plaintiff's cause of action arises from an alleged non-discretionary failure to act pursuant to the DOC Mandatory Policy.[30] Specifically, the Court finds that the DOC Mandatory Policy's prohibition of closed-door encounters between inmates and DOC employees is a "hard and fast rule"[31] that leaves no room for personal judgment. Making all reasonable inferences in favor of Plaintiff, Plaintiff could establish that the DOC Supervisory Defendants failed to adhere to a ministerial requirement under the DOC Mandatory Policy by allowing and/or failing to prevent Defendant Way's unsupervised interactions with Plaintiff

---

[28] *See supra* n. 16.
[29] *See* 10 *Del. C.* § 4001(1)–(3).
[30] *See id.* at § 4001(1).
[31] *J.L.*, 33 A.3d at 915.

in Defendant Way's office. Moreover, the Court finds that Plaintiff sufficiently alleges that the DOC Supervisory Defendants either had knowledge or were on notice of the encounters between Plaintiff and Defendant Way such that dismissal of Plaintiff's claims on the pleadings pursuant to Superior Court Civil Rule 9(b) is inappropriate.[32] The DOC Supervisory Defendants have been provided sufficient notice of Plaintiff's claims against them.[33]

Accepting all well-pleaded allegations as true, the Court finds a reasonably conceivable set of circumstances susceptible to proof under which Plaintiff could establish a non-discretionary failure to act by the DOC Supervisory Defendants that would overcome qualified immunity under the State Tort Claims Act. Therefore, the Court declines to dismiss the claims against the DOC Supervisory Defendants as a matter of law under the State Tort Claims Act.[34]

---

[32] Super. Ct. Civ. R. 9(b) ("Malice, intent, knowledge and other condition of mind of a person may be averred generally.")

[33] *See McCann Aerospace Machining, LLC v. McCann*, 2016 WL 3640368, at *4 (Del. Super. June 30, 2016) ("Civil Rule 9(b) does not require factual exactness.") (citing *Universal Capital Mgmt., Inc. v. Micco World, Inc.*, 2012 WL 1413598 (Del. Super. Feb. 1, 2012)); *Adams v. Gelman*, 2016 WL 373738, at *4 (Del. Super. Jan. 28, 2016) (holding that Superior Court Civil Rule 9(b) requires a plaintiff to provide a defendant sufficient notice to defend himself in order to survive dismissal); *TrueBlue, Inc. v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *6 (Del. Super. Sept. 25, 2015) (holding that Superior Court Civil Rule 9(b) "must be applied in light of the facts of the case, and less particularity is required when the facts lie more in the knowledge of the opposing party than of the pleading party.") (quoting *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 146 (Del. Ch. 2003)).

[34] *See Hale*, 2014 WL 2119652, at *5–6.

## ii. Plaintiff states claims upon which relief may be granted against the DOC Supervisory Defendants under the public duty doctrine.

The State also asserts that Plaintiff's claims against the DOC Supervisory Defendants are barred by the judicially-created public duty doctrine. If Plaintiff's cause of action arose from the exercise of discretion by the DOC Supervisory Defendants, the public duty doctrine *may* preclude Plaintiff's claims.[35] However, the public duty doctrine does not protect the DOC Supervisory Defendants from civil liability arising from acts of ministerial negligence.[36] As previously discussed, there is a reasonably conceivable set of circumstances susceptible to proof under which the DOC Supervisory Defendants caused Plaintiff's injuries by violating a ministerial rule under the DOC Mandatory Policy. Because the Court finds that Plaintiff's cause of action against the DOC Supervisory Defendants includes allegations of non-discretionary conduct, the Court declines to dismiss Plaintiff's claims against the DOC Supervisory Defendants as a matter of law based on application of the public duty doctrine.

The Court finds that, accepting all well-pleaded allegations as true and viewing the Complaint in a light most favorable to Plaintiff, Plaintiff states a claim upon which Plaintiff could recover against the DOC Supervisory Defendants under the State Tort Claims Act and the public duty doctrine. Therefore, the Court

---

[35] As previously discussed, Plaintiff could proceed under the public duty doctrine for discretionary conduct under certain circumstances. *See infra* Part II(D).

[36] *J.L.*, 33 A.3d at 916 (internal citations omitted).

11

declines to dismiss the claims against the DOC Supervisory Defendants as a matter of law pursuant to Rule 12(b)(6).

**B.**     **Plaintiff Cannot Proceed against the DOC Administrative Defendants under the State Tort Claims Act and the Public Duty Doctrine.**

The Court finds that Plaintiff does not state a claim upon which relief can be granted against the DOC Administrative Defendants under the State Tort Claims Act. With respect to Section 4001(1) of the State Tort Claims Act, the Court finds that Plaintiff cannot establish that the DOC Administrative Defendants' decision to promote Defendant Way to the position of Security Superintendent and to assign him to Baylor was ministerial such that those decisions were subject to "hard and fast" rules. Rather, the Court finds as a matter of law that the decision to promote and assign a DOC employee is a discretionary act.

With respect to Section 4001(2) of the State Tort Claims Act, Plaintiff does not allege and the record does not indicate that the DOC Administrative Defendants acted in bad faith by promoting Defendant Way to Security Superintendent and assigning him to Baylor.

With respect to Section 4001(3) of the State Tort Claims Act, the Court finds that Plaintiff fails to state a claim that the DOC Administrative Defendants' decision to promote and/or assign Defendant Way was grossly negligent. Specifically, the Court finds that the alleged prior misconduct of Defendant Way is sufficiently attenuated in time and circumstances from the incidents underlying this

case such that the DOC Administrative Defendants' failure to identify a propensity for sexual misconduct or sexual contact with inmates does not rise to the level of "an *extreme* departure from the ordinary standard of care."[37] Although the DOC Administrative Defendants' discretionary decision to promote Defendant Way to Security Superintendent and to assign him to Baylor may seem ill-advised with the benefit of hindsight, the Court declines to hold that the DOC Administrative Defendants' actions rise to the level of a "gross deviation from the standard of conduct that a reasonable [prison official] would observe"[38] under the specific circumstances of this case. Accordingly, even making all reasonable inferences in a light most favorable to Plaintiff, the Court finds that Plaintiff fails to state a claim that the DOC Administrative Defendants were grossly negligent by promoting and assigning Defendant Way.

Furthermore, if Plaintiff stated a claim upon which relief could be granted against the DOC Administrative Defendants under the State Tort Claims Act, the Court finds that the protections of the public duty doctrine cannot be overcome. First, Plaintiff's claims against the DOC Administrative Defendants arise from the discretionary decision to promote Defendant Way to the position of Security Superintendent and to assign him to Baylor. Second, Plaintiff cannot establish the

---

[37] *Hecksher*, 115 A.3d at 1199 (emphasis added).
[38] *Jardel*, 523 A.2d at 530 (citing 11 *Del. C.* § 231).

13

applicability of the "special relationship" exception to the public duty doctrine.[39] Among other things, the Court finds that the decision to promote and/or assign Defendant Way does not involve direct contact between the DOC Administrative Defendants and Plaintiff.

Accordingly, to the extent the Complaint states claims against Warden Caple for the decision to promote Defendant Way to the position of Security Superintendent and to assign him to Baylor, those claims must be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Furthermore, the Court finds that the claims against the three additional DOC officials for the decision to promote and assign Defendant Way would be futile. Therefore, the Court declines to grant Plaintiff leave to amend the Complaint pursuant to Rule 15(a) where, as here, the DOC Administrative Defendants have immunity under the State Tort Claims Act and are protected by the public duty doctrine.

## IV. CONCLUSION

Accepting all well-pleaded allegations as true and viewing the Complaint in a light most favorable to Plaintiff, Plaintiff states a claim upon which Plaintiff could recover against the DOC Supervisory Defendants. Therefore, the Court declines to dismiss the claims against the DOC Supervisory Defendants as a matter of law pursuant to Rule 12(b)(6).

---

[39] *See Minner*, 2013 WL 871784, at *3–4.

On the other hand, accepting all well-pleaded allegations as true and viewing the facts and proposed amendments in a light most favorable to Plaintiff, there is no reasonably conceivable set of circumstances under which Plaintiff could recover against the DOC Administrative Defendants under the State Tort Claims Act or the public duty doctrine. Accordingly, the Court grants the State's Motion to Dismiss the Complaint as to Plaintiff's claims against Warden Caple that relate to the decision to promote Defendant Way to the position of Security Superintendent and assign him to Baylor and, for the same reasons, declines to grant Plaintiff leave to amend the Complaint pursuant to Rule 15(a).

**NOW, THEREFORE, this 25th day of July, 2017, the State's Motion to Dismiss is hereby DENIED in part and GRANTED in part, and Plaintiff's Motion to Amend the Complaint is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

15