# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEE LIFENG HSU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N25C-03-083 PAW |
| | ) | |
| TRINDIDAD NAVARRO, in his | ) | |
| official capacity as Delaware | ) | |
| Insurance Commissioner, and in | ) | |
| his individual capacity, | ) | |
| GREGORY LANE, in his official | ) | |
| capacity as Chief Information | ) | |
| Officer of the Delaware | ) | |
| Department of Technology and | ) | |
| Information, and in his individual | ) | |
| capacity, | ) | |
| Defendants. | ) | |

Submitted: July 14, 2025
Decided: October 28, 2025

## MEMORANDUM OPINION
*Upon Consideration of Defendants' Joint Motion for Summary Judgment*;

## GRANTED.

Lee Lifeng Hsu, *Self-Represented Litigant.*

Kathleen P. Makowski, Esq., of the Delaware Department of Justice, *Attorneys for Defendant Trinidad Navarro, Insurance Commissioner of the State of Delaware and The Delaware Department of Insurance.*

Eric H. Zubrow, Esq., of the Delaware Department of Justice, *Attorneys for Defendant Gregory Lane, Chief Information Officer Delaware Department of Technology and Information.*

**WINSTON, J.**

## I.    INTRODUCTION

This matter concerns Plaintiff's unresolved insurance coverage litigation against State Farm related to water damage to his home, and a denied Freedom of Information Act request directed to the Delaware Department of Insurance.

On March 11, 2025, Plaintiff filed his Complaint seeking: (1) declarations that the Commissioner of the Delaware Department of Insurance and the Chief Information Officer of the Delaware Department of Technology and Information violated the Delaware Public Records Law and the Delaware Freedom of Information Act; (2) compensation from the Commissioner for court costs; and (3) writs of mandamus against the Commissioner and Chief Information Officer.

Because Plaintiff's Complaint addresses conduct solely taken in Defendants' official capacity, and because the State has not waived sovereign immunity and the State Tort Claims Act bars the action, the Court grants Defendants' motion for summary judgment.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In October 2023, Plaintiff Lee Lifeng Hsu experienced water damage to his home.[1] Hsu filed a consumer complaint with the Delaware Department of Insurance (the "Department") regarding State Farm's handling of his claim.[2] State Farm

---

[1] Docket Item ("D.I.") 1 (hereinafter "Compl.") ¶ 10.

[2] Compl. ¶ 10.

2

responded to the Department's inquiry regarding Hsu's complaint on September 4, 2024.[3] Less than a week later, Hsu filed insurance coverage litigation against State Farm in Civil No. N24C-09-020-CLS (the "State Farm Litigation").[4]

Hsu submitted a Freedom of Information Act ("FOIA") request to the Department on December 11, 2024, which the Department denied the following day.[5] On December 20, 2024, Hsu submitted a revised FOIA request (the "Revised FOIA Request") to the Department requesting, among other materials: "the names of all databases owned, used, or maintained by the Department" and "Metadata for the databases related to insurance complaints, fraud, auto insurance, and homeowner insurance."[6] The Department denied the Revised FOIA Request on January 9, 2025.[7]

Hsu appealed the Department's denial of the Revised FOIA Request to the Delaware Attorney General's office.[8] On February 28, 2025, the Attorney General's

---

[3] D.I. 7 (Defendants' Joint Brief in Support of Motion for Summary Judgment (hereinafter "Op. Br.")) at 3-4; Compl., Ex. A at 1.

[4] Compl. ¶ 11.

[5] Compl., Ex. A at 14.

[6] Compl., Ex. A at 19.

[7] Compl., Ex. A at 23.

[8] Compl., Ex. A at 5.

Office issued its decision on the FOIA Petition holding in favor of the Department.[9] The Attorney General ultimately determined the Department did not violate FOIA by denying access to the requested records, stating that "[t]he Department is not obligated under FOIA to provide records it does not possess or control."[10] Hsu did not appeal the Attorney General's Decision to the Superior Court as was his right under 29 Del. C. § 10005(b).[11]

Instead, Hsu initiated this litigation against Trinidad Navarro ("the Commissioner"), the Insurance Commissioner of the Department, and Gregory Lane ("Lane"), the Chief Information Officer of the Delaware Department of Technology and Information ("DTI").[12] Hsu asserts claims against the Commissioner and Lane "in both their official and individual capacities."[13] Hsu's Complaint seeks: (1) declarations that the Commissioner and Lane violated the Delaware Public Records Law ("DPRL"); (2) compensation from the Commissioner for court costs; and (3) writs of mandamus against the Commissioner and Lane.[14]

---

[9] *Lee Lifeng Hsu*, Del. Atty. Gen., Opin. No. 25-IB13, 2025 WL 818782 (Feb. 28, 2025).

[10] *Id.* at *2.

[11] Op. Br. 5.

[12] *See* Compl.

[13] Compl. ¶ 1.

[14] Compl. at 20.

4

In response, Defendants move for summary judgment on all claims asserted in the Complaint on the grounds of sovereign immunity.[15] An affidavit of the Insurance Coverage Administrator for the State of Delaware is attached to the motion.[16] The affidavit states there is no insurance coverage known to her which is applicable to the facts alleged in the Hsu's Complaint.[17]

## III.  STANDARD OF REVIEW

Summary judgment is appropriate "when the record shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."[18] The moving party bears the burden of demonstrating the undisputed facts entitle it to judgment as a matter of law.[19] "If the movant supports the motion with proper affidavits, the burden shifts to the non-moving party to show, using support taken from the developed record or with opposing affidavits, that a material issue of fact exists."[20]

---

[15] *See* Op. Br.

[16] Op. Br., Ex. A (hereinafter "Lundy Affidavit").

[17] Lundy Affidavit 1-2.

[18] Super. Ct. Civ. R. 56(c).

[19] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[20] *Jackson v. State*, 2000 WL 33115718, *1 (Del. Super. July 7, 2000) (citing *Moore v. Sizemore*, 405 A.2d at 680).

5

## IV.   ANALYSIS

The Department, under the authority of the Commissioner, administers and enforces Title 18 of the Delaware Code (the "Delaware Insurance Code").[21] The Delaware Insurance Code authorizes the Commissioner to license and regulate Delaware domestic insurance companies, by, among other prerogatives, reviewing their financial health and statutory compliance through financial and market conduct examinations and regular reporting requirements.[22]

DTI is the state agency which regulates oversight of Delaware state agencies' information technology and security.[23] The Chief Information Officer ("CIO") for DTI is appointed by the Governor under 29 *Del. C.* § 9007C(a), and the duties of the CIO are set forth in 29 *Del. C.* § 9008C.

> **A.   THERE IS NO DISPUTE OF MATERIAL FACT; HSU'S CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITY ADDRESS CONDUCT TAKEN IN THEIR OFFICIAL CAPACITY, ENTITLING DEFENDANTS TO THE PROTECTION OF SOVEREIGN IMMUNITY, AND DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT IN THEIR FAVOR.**

The Complaint asserts claims against the Commissioner and Lane in their individual capacities.[24] The question of whether a state official has been sued in an individual or official capacity is determined with reference to the actions alleged,

---

[21] 18 *Del. C.* § 310.

[22] *See generally id. et seq.*

[23] 29 *Del. C.* §§ 9002C-9004C.

[24] Compl. ¶ 1.

6

rather than the language the complaint uses to describe the capacity in which the official acted in.[25] In other words, a plaintiff cannot use the phrase "individual capacity" as magic words to bypass potential issues of immunity. The Court must look to the substance of the complaint and the record to determine in which capacity relief is truly sought, even if the complaint facially alleges that relief is sought in both individual and official capacities. The Court considers "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity."[26]

Here, the claims asserted in the Complaint are premised on actions or inactions taken by the Commissioner and Lane in connection with their official duties, not in their individual capacities. The actions alleged—violations of the Delaware Insurance Code, FOIA, DTI's enabling statute, and the DPRL—were all taken by the Commissioner and Lane under Delaware statutory and regulatory law to administer their respective departments. Accordingly, all claims against the Defendants are official capacity claims. "A suit against a governmental official in

---

[25] *Dollard v. Callery*, 185 A.3d 694, 710 (Del. Super. Apr. 16, 2018) (internal citations omitted) ("When it is unclear from a complaint whether a plaintiff intends to sue a defendant in his individual or official capacity, the Third Circuit employs a 'course of proceedings' test.").

[26] *Id.* (quoting *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th Cir. 2001)).

her official capacity is treated as a suit against the governmental entity itself."[27]

Thus, the Complaint asserts claims against both the Department and DTI. The Court must now determine whether sovereign immunity shields Defendants from liability.

State agencies, in the absence of a waiver of sovereign immunity or consent to be sued, are immune from suit.[28] "To overcome the bar of sovereign immunity, [Hsu] must show [both] that: (1) the State has waived the defense of sovereign immunity for the actions mentioned in the Complaint; and (2) the State Tort Claims Act does not bar the action."[29] The General Assembly can waive sovereign immunity granted to state agencies "by providing [them] the power to sue and be sued."[30] Further, "while the General Assembly's waiver of sovereign immunity does not have to be explicit, it does need to be clear."[31]

Hsu argues that the General Assembly has waived sovereign immunity in contexts relevant to this lawsuit because Defendants are potentially capable of being charged criminally under 29 *Del. C.* § 526.[32] This argument is without merit. While

---

[27] *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 580 (3d Cir. 2004).

[28] *Letke v. Sprenkle, et. al.*, 2025 WL 397744, at *2 (Del. Feb. 3, 2025)

[29] *Id.*

[30] *Sandt v. Delaware Solid Waste Auth.*, 640 A.2d 1030, 1034 (Del. 1994).

[31] *Janowski v. Div. of State Police Dept., et al.*, 2009 WL 537051, at *2 (Del. Super. Feb. 27, 2009).

[32] D.I. 9 at 11 (hereinafter "Ans. Br.").

Section 526 provides the State with authority to take criminal enforcement actions for violations of the DPRL, it contains no language creating a private right of action capable of being brought by a litigant in a civil suit.[33] Based upon the unrebutted affidavit of the Insurance Coverage Administrator, it appears that Section 526 is not applicable to Hsu's alleged loss and that sovereign immunity is not waived on that basis.[34]

Even if Hsu had shown that the State had waived the defense of sovereign immunity by providing Defendants the power to sue and be sued, the action would still be barred by 10 *Del. C.* § 4001 of the State Tort Claims Act ("STCA").[35] "Pursuant to the STCA, there is a rebuttable presumption that an official's actions were: (1) discretionary; (2) undertaken in good faith and in the belief that the public interest would best be served thereby; and (3) undertaken without gross or wanton negligence. If the plaintiff can rebut one or more of these elements, the official is not entitled to immunity under the STCA."[36]

---

[33] 29 *Del. C.* § 526.

[34] Lundy Affidavit 1-2; *see Jackson v. State*, 2000 WL 33115718, at *1 (Del. Super. July 7, 2000) (holding that, in the context of sovereign immunity and the STCA, dismissal of the case is appropriate where the non-moving party fails to rebut the affidavit of the State that there is no insurance coverage for Plaintiff's claims).

[35] *Jackson*, 2000 WL 33115718, at *1.

[36] *In re COVID-Related Restrictions on Religious Servs.*, 302 A.3d 464, 487 (Del. Super. Ct. Aug. 28, 2023) (internal citations omitted).

As articulated below in the context of Hsu's petition for a writ of mandamus, Hsu has failed to rebut the presumption that Defendants' actions were discretionary. Hsu failed to point to any Delaware statute or regulation preventing Defendants from using third-party databases or otherwise compelling Defendants to preserve or gather claims data in the manner Hsu would prefer they be preserved.

Hsu also fails to demonstrate gross or wanton negligence. Gross negligence requires "an extreme departure from the ordinary standard of care."[37] Wanton negligence requires the Defendants' conduct to "reflect a 'conscious indifference' or 'I don't care attitude.'"[38] Again, as evidence of "gross negligence," Hsu points to the fact that the Department did not utilize a claims tracking database, which does not by itself rise to the level of simple negligence, let alone constitute an extreme departure from the ordinary standard of care. As Hsu himself recognizes, California is the only state with a consumer claims tracker database.[39]

Hsu further alleges that Defendants did not act in good faith.[40] Specifically, Hsu cites to *Dunlap v. State Farm*[41] as an authority on the distinction between a lack

---

[37] *Browne v. Robb*, 583 A.2d 949, 953 (Del. 1990).

[38] *Hughes ex rel. Hughes*, 2008 WL 2083150, at *3 (Del. 2008) (quoting *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del. 1983)).

[39] Compl. ¶ 25.4.

[40] Ans. Br. at 9.

[41] 878 A.2d 434 (Del. 2005).

of good faith and the presence of bad faith.[42]  But *Dunlap* has no applicability here. *Dunlap* discussed good faith obligations in the context of the implied covenant of good faith and fair dealing in contract law, not in the context of the application of the STCA to state officials.

For a plaintiff to rebut the presumption that a public official acted in good faith under the STCA, Delaware case law requires an affirmative showing of "actions taken in bad faith."[43]  "Bad faith 'contemplates a state of mind affirmatively operating with furtive design or ill will.'  It is not simply 'bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity.'"[44]  Hsu does not allege that either of the Defendants acted with this state of mind.

Because Hsu cannot demonstrate that the Department or DTI have waived their sovereign immunity as state agencies, Defendants are entitled to summary judgment in their favor as to Hsu's claims against Defendants in their official capacity.

---

[42] Ans. Br. at 9.

[43] *Jackson v. Minner*, 2013 WL 871784 at *6 (Del. Super. Mar. 1, 2013).

[44] *Id.* at *7 (citing *Brittingham v. Bd. of Adjustment of City of Rehoboth Beach,* 2005 WL 1653979, at *1 (Del. Super. Apr. 26, 2005)).

11

**B.** **THERE IS NO DISPUTE OF MATERIAL FACT; HSU IS NOT ENTITLED TO A WRIT OF MANDAMUS.**

A writ of mandamus may be issued by the Superior Court to command a lower court, agency, or public official to perform a duty to which the petitioner has established a clear legal right.[45] "Mandamus is an exceptional remedy that is not available as a matter of right, but rather, is issued only according to the 'sound judicial discretion' of the court in which mandamus is sought."[46] For the performance of a duty to be clearly owed to a petitioner, it must be nondiscretionary or ministerial, meaning that it is "prescribed with such precision and certainty that nothing is left to discretion or judgment."[47] Here, the Complaint requests mandamus against both the Department and DTI.[48] Hsu requests that this Court order the Department and DTI to "fully comply with DPRL."[49]

The Superior Court has broad discretion to deny a petition for a writ of mandamus where the legal duty is unclear or the petitioner has another remedy

---

[45] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015) (citing *Clough v. State*, 686 A.2d 158, 159 (Del.1996)).

[46] *Id.* at 524 (citing *Guy v. Greenhouse,*1993 WL 557938, *1 (Del. Dec. 30, 1993) and *Clough v. State,*686 A.2d 158, 159 (Del.1996)).

[47] *Id*. (citing *Guy v. Greenhouse*, 1993 WL 557938, *1 (Del. Dec. 30, 1993)).

[48] Compl. at 20-22.

[49] *Id*.

available.[50] Here, Hsu has failed to meet his burden of showing that mandamus is appropriate. Hsu has neither demonstrated that Defendants violated a clear legal right belonging to Hsu, nor has he shown that either Defendant failed to perform an action they were required to perform without discretion.

Even if he had made such a showing, Hsu had another remedy to compel the Departments to perform the duty he sought them to perform, which was to appeal the Attorney General's decision in his FOIA petition to the Superior Court, as detailed in 29 *Del. C.* § 10005(b).[51] Accordingly, Hsu cannot establish a clear legal right to mandamus.

## V.     CONCLUSION

All claims in the Complaint are asserted against Defendants in their official capacity, and Hsu cannot demonstrate that the Department or DTI have waived their sovereign immunity as state agencies. Thus, Defendants are entitled to summary judgment in their favor as to Hsu's claims against them. Further, Hsu has failed to demonstrate he has a clear legal right to the performance of a duty and, thus, is not entitled to a writ of mandamus.

---

[50] *Brittingham*, 113 A.3d at 524 (citing 2 Victor B. Woolley, *Woolley on Delaware Practice*, § 1655 (1906)).

[51] 29 *Del. C.* § 10005(b) provides that "the petitioner . . . may appeal an adverse decision on the record to the Superior Court within 60 days of the Attorney General's decision."

For these reasons, Defendants' Joint Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**